DANLEY v GENERAL MOTORS CORPORATION

Docket No. 99800. Submitted March 9, 1988, at Lansing. Decided July 13, 1988.

Wardell Danley, an employee of General Motors Corporation, was awarded workers' compensation benefits from the date of his injury to the last day he worked before being laid off. He appealed by leave granted, alleging that the Workers' Compensation Appeal Board erred in finding that his layoff terminated his entitlement to benefits.

The Court of Appeals *held:*

It is loss of wage-earning capacity, not actual loss of wages, that is compensable under workers' compensation. Thus, a layoff of an employee entitled to benefits does not terminate entitlement to those benefits so long as the worker continues to suffer a loss in earning capacity.

Reversed and remanded.

WORKERS' COMPENSATION — LAYOFF.

It is loss of wage-earning capacity, not actual loss of wages, that is compensable under workers' compensation; thus, a layoff of an employee entitled to benefits does not terminate entitlement to those benefits so long as the worker continues to suffer a loss in earning capacity.

*Bernard M. Freid & Associates, P.C.* (by *Edward J. Gallagher, II*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Scott C. Strattard*), for defendant.

Before: WEAVER, P.J., and SHEPHERD and F. D. BROUILLETTE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 347 *et seq.*

See the Index to Annotations under Earning Capacity; Workers' Compensation.

PER CURIAM. Plaintiff was awarded workers' compensation benefits for the period from May 29, 1977, to October 16, 1977. The Workers' Compensation Appeal Board affirmed the closed award of benefits, but extended the benefit period to August 3, 1979, which was plaintiff's last day of work prior to being laid off. We granted leave to appeal. On appeal, plaintiff argues that the WCAB erred in finding that plaintiff's layoff from work terminated his entitlement to disability benefits. We reverse the order of the WCAB and we remand for further proceedings.

Plaintiff was injured on May 28, 1977, while working as a crane operator who transported loads of hot molten iron from the furnace to the foundry. Plaintiff continued to work for a day or two following the accident. On May 30, 1977, plaintiff went to the hospital because he was having severe pain. Plaintiff received x-rays and pain medication. From the date of the accident until August 3, 1979, plaintiff was on sick leave numerous times. On approximately fifteen occasions, plaintiff's doctor placed restrictions on the amount of weight plaintiff was allowed to lift. Plaintiff testified that defendant never gave him different work and he continued working as a crane operator, which sometimes required lifting as much as ninety pounds.

The hearing referee found:

> Plaintiff suffered an aggravation of a chronic back strain he brought with him to his employment. The aggravation cleared up not lated [sic] than 10-17-77.

The WCAB upheld the finding that plaintiff was entitled to workers' disability compensation benefits. However, the WCAB extended the closed award

to August 3, 1979, plaintiff's last day of work prior to being laid off. The WCAB found as follows:

> We find that the injuries that the plaintiff sustained to his back were either caused by or aggravated by the work which he performed. We further find that plaintiff brought to his place of employment, a chronic back condition, which the work that defendant required him to do made him symptomatic. We find that as a result of the continual lifting that plaintiff was required to perform for defendant the symptoms that plaintiff experienced were aggravated, resulting in plaintiff's disability. However, we find that as of August 3, 1979, plaintiff's last day of work, that there is no evidence on this record which would indicate that plaintiff had a continuing disability since the work that he initially performed, which made his chronic back problems symptomatic, was no longer required of him. To this end, we find that the administrative law judge did not err in finding that plaintiff was injured in the course of his employment for the closed period.

Defendant argues that there was ample evidence to support the WCAB's finding that plaintiff was no longer disabled as of August 3, 1979. However, the WCAB did not find that the testimony indicated plaintiff was no longer disabled after August 3, 1979. Rather, the WCAB found that plaintiff was no longer disabled because "the work that he initially performed . . . was no longer required of him." Since the work that plaintiff initially performed was the work that he was performing on the day that he was laid off, the WCAB's findings could be interpreted to mean that plaintiff's entitlement to disability benefits was terminated because of his layoff. Therefore, we agree with plaintiff that the issue in this case is whether the WCAB erred in finding that plaintiff's layoff from employment

terminated his entitlement to workers' disability compensation benefits as a matter of law.

It is the loss of wage-earning capacity, not actual loss of wages, that is compensable. *Sims v R D Brooks, Inc,* 389 Mich 91, 93; 204 NW2d 139 (1973). The WCAB's finding that plaintiff was disabled unequivocally established that plaintiff had lost the capacity to perform the work he was doing when injured. *Powell v Casco Nelmor Corp,* 406 Mich 332, 350; 279 NW2d 769 (1979). Having established that plaintiff had suffered a loss in earning capacity, the WCAB erred if its findings meant that plaintiff's layoff terminated his entitlement to benefits. Plaintiff's layoff did not affect his wage-earning capacity. If such were the case, then any employer could terminate an employee's entitlement to benefits by laying off the employee. See *Powell, supra,* pp 348-349, n 8. When the employee continues to suffer a loss in earning capacity, a layoff may not be used to terminate disability benefits.

We believe that the present case should be remanded for the WCAB to determine whether plaintiff was disabled on August 3, 1979, regardless of the fact that plaintiff was laid off after that date. If it is determined that plaintiff was disabled on that date, then an open award of disability benefits should be made. If it is determined that plaintiff was not disabled as of August 3, 1979, then a closed award of benefits should be made to terminate on whatever date the WCAB determines was plaintiff's last day of disability. The WCAB shall hear the matter within sixty days of this opinion and issue a decision within thirty days thereafter.

Reversed and remanded for further proceedings in accordance with this opinion.