In the Matter of the Claim of CATHERINE EHRHARDT, Respondent, against ELOGE COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — On June 1, 1929, Anne Richter was a janitress, and was injured in the course of her employment, resulting in a permanent partial loss of the use of the left leg. Compensation on account of this disability was awarded and paid to August 15, 1931, when the injured employee died from causes other than the injury. She left a dependent grandchild under the age of eighteen. On September 28, 1934, after the death of the employee, the Industrial Board made a final award for ninety per cent loss of use of the left leg, and for a protracted temporary total disability, extending to October 3, 1934, less payments previously made. The appellant employer and carrier contest the award on the single ground that the Board did not have power to make an award payable to a dependent, after the employee's death and covering a period subsequent to the employee's death, when the employee died from causes other than the injury. The injured employee at the time of her death was entitled to the compensation represented by the award here, and for the same period; and would have received a corresponding award had she remained in life. The Board has power to make an award after death of the employee, when not due to the accident, to insure to the widow, children or dependents the same amount of compensation that would have been awarded to the deceased if living, even though the period of the award extends beyond the life of the employee. (Workmen's Compensation Law, § 15, subd. 4; Id. § 33; *Matter of*

*Sienko* v. *Bopp & Mórgenstern*, 248 N. Y. 40.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.