In the Matter of the Claim of JAMES PALLAS, Respondent, against MISERICORDIA HOSPITAL, Employer, and THE STATE INSURANCE FUND, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 29, 1942.

*William F. O'Rourke* [*George J. Hayes* with him on the brief], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board.

*H. B. Ehrlich,* for the claimant, respondent.

FOSTER, J.  Claimant is a felon, serving a life sentence in the State of Massachusetts for the crime of murder in the second degree.

Prior to his arrest and conviction in that State he resided and was employed in the State of New York. On December 29, 1939, while engaged in the course of his employment in this State, he received accidental injuries which caused a thirty per cent loss of the use of his right hand. For this disability he has been awarded compensation for a scheduled loss of earning power, payable to the warden of the Massachusetts State Prison in his behalf. The primary award was made June 27, 1941, and formal notice thereof was filed on July 16, 1941. Claimant was arrested in Massachusetts in July, 1940, on a charge of murder, pleaded guilty to murder in the second degree and was sentenced to life imprisonment some time in February, 1941. It may be seen from these dates that at the time of his conviction and sentence no award had been made.

Appellant maintains that claimant became civilly dead upon his sentence to life imprisonment; that an award cannot be made for a percentage loss of use to one who is civilly dead because such an award contemplates a loss of future earning power which would be non-existent in such a case; and that, in any event, the award was improper in so far as it directs payment to the warden of the Massachusetts State Prison.

Under the law of this State one who is sentenced to life imprisonment is thereafter deemed civilly dead. (Penal Law, § 511.) The State of Massachusetts does not have a similar statute. The status of a felon, sentenced to life imprisonment in that State, has been the subject of recent consideration by the courts of this State. (Matter of Lindewall, 287 N. Y. 347.) We draw the conclusion from the decision in that case that the absence of a statute in Massachusetts, imposing civil death upon one sentenced to life imprisonment, does not prevent the application of our statute to any question involving the rights of such a convict arising under the laws of this State and by virtue of his former residence here. The logic of such a conclusion is inescapable. A life sentence is a life sentence, whether imposed here or elsewhere, and it would require a strained exhibition of legal reasoning to find a plausible distinction. We assume, therefore, for the purposes of this decision that claimant is to be deemed civilly dead.

Obviously, however, the fiction of civil death is not to be given the same effect as actual death in all cases. Forfeiture of property rights, an incident of the penalty at common law, is now forbidden by statute. Section 512 of our Penal Law provides in part as follows: " A conviction of a person for any crime does not work a forfeiture of any property, real or personal, or of any right or interest therein." What constitutes a forfeiture is not always easy to determine. The effect of this statute was raised and considered

in the *Lindewall* case (*supra*). There the convict, also a lifer in the State of Massachusetts, sought to interpose an answer and objections to the probate of the will of his wife who had died a resident of this State. He urged that the rejection of his answer would work a forfeiture of his property, that is, property he would have received by succession if his wife had died intestate. The court said this (287 N. Y. at p. 357): " That is not so. Property passes at death only by reason of the Decedent Estate Law (§ 83). There are thus two applicable statutes: the Decedent Estate Law and the Penal Law. The former gives a right of succession to a surviving spouse but the latter provides that one is not a surviving spouse who has been sentenced to life imprisonment. Such an one is dead civilly. There is no conflict and no forfeiture." We assume of course that the ruling would have been otherwise if the decedent had died intestate before appellant was sentenced to life imprisonment, for then his property rights would have been vested and the statutory ban against forfeiture would have been applicable.

In so far as it may be necessary here to consider the effect of the statute against forfeiture it clearly would apply only to a right or interest in property which became vested in claimant prior to his conviction. He acquired no property right or interest by simply filing a claim for compensation, and until an adjudication was made he acquired no vested interest in an award. The Workmen's Compensation Law requires that in a proper case an award be made to an injured employee, but in this case and at the time an adjudication was made claimant under another statute no longer had the status of an injured employee, for he was then civilly dead. Thus, as in the *Lindewall* case, there is no conflict and no forfeiture. Moreover this appears to be in line with the established policy of the State as evidenced by the statute suspending all civil rights of convicts sentenced to terms for less than life. (Penal Law, § 510.) It would be anomalous to hold that prisoners deemed civilly dead could enjoy and enforce civil rights denied to those who are held for a lesser offense.

Under the circumstances, we think that the Board did not have the power to grant the award appealed from, and that the same must be reversed and the claim dismissed, without costs.

HILL, P. J., BLISS and SCHENCK, JJ., concur; CRAPSER, J., dissents and votes to affirm the award appealed from.

Award reversed and claim dismissed, without costs.