In the Matter of the Claim of Richard Garner, Appellant, v. Shulte Co. et al., Respondents. Workmen's Compensation Board, Respondent.

Third Department, May 6, 1965.

*Haft & Tischler* (*Abraham Markhoff* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* ·(*Daniel Polansky* of counsel), for Workmen's ·Compensation Board, respondent.

*George J. Hayes* and *Joseph M. Soviero* for State Insurance Fund and another, respondents.

GIBSON, P. J.   Appeal is taken from a decision of the Workmen's Compensation Board which held that compensation could not be paid to claimant employee, who is now confined to a State prison under a sentence of life imprisonment; and neither, the board further held, could compensation, in the form of a posthumous schedule award, be paid to claimant's dependents, pursuant to subdivision 4 of section 15 of the Workmen's Compensation Law, despite the provision of section 511 of the Penal Law, that: " A person sentenced to imprisonment for life is thereafter deemed civilly dead ". The provision has been held applicable to a life sentence imposed, as in claimant's case, upon conviction in a foreign State. (See *Matter of Pallas* v. *Misericordia Hosp.,* 264 App. Div. 1, 2, affd. 291 N. Y. 692; *Jones* v. *Jones,* 249 App. Div. 470, affd. 274 N. Y. 574.)

Claimant sustained injuries to his fingers for which he received payments of compensation until the time of the arrest which preceded his conviction and sentence. Subsequent to such sentence, a board physician concluded that claimant had sustained a schedule loss which would ordinarily entitle him to a schedule award for a balance of approximately $1,218 over the amounts previously paid. The board held that prior to an adjudication by it, claimant " acquired no vested interest in an award for

partial loss of use of fingers'', citing *Pallas* (*supra*) and that
'' the fiction of civil death is not to be given the same affect [*sic*]
as actual death for purposes of Workmen's Compensation Law
and that the claimant's compensation may not be paid to him
during the period of imprisonment and it may not be disposed
of as a posthumous schedule award on the facts of this record.''

We agree that the *Pallas* case forecloses any argument that
claimant is entitled to compensation; but we find no basis for
the board's holding, nor for respondents' argument that the
centuries-old concept of civil death, which, of course, pre-existed
the enactment of the Workmen's Compensation Law and has
survived its multitudinous amendments, is not so within its pur-
view as to give rise to a posthumous claim. That the humani-
tarian purposes of the act extend to the protection of dependents
is too clear to require discussion. There seems to us no basis in
reason or in authority for accounting a dependent's deprivations
and necessities any less urgent or compelling when they are the
results of a wage earner's life sentence and consequent civil
death, rather than of physical death. Initially, at least, '' civil
death was given the same effect as actual death at common law
and in equity *only* in so far as was required for the protection
of wife or child '' (*Matter of Lindewall*, 287 N. Y. 347, 355;
emphasis supplied); and the amendments of the present section
511 of the Penal Law from time to time enacted evince primary
concern for the rights and status of the innocent spouse. Turn-
ing again to the compensation act, we note that a (schedule)
'' award made to a claimant under subdivision three shall in
case of death arising from causes other than the injury be pay-
able to and for the benefit of '' certain designated dependents;
and that '' award for disability may be made after the death of
the injured employee.'' (Workmen's Compensation Law, § 15,
subd. 4.)

The board's memorandum in support of its decision is irrele-
vant, as is respondents' brief, insofar as each is concerned largely
with the proposition that no right to a schedule award became
vested in claimant. Indeed, claimant does not assert a vested
right entitling him to an award, but, on the contrary, contends
that his dependents are entitled, pursuant to subdivisions 3 and
4 of section 15, to '' An award for disability  *  *  *  made
after the death of the injured employee.'' (Workmen's Com-
pensation Law, § 15, subd. 4; *Matter of Wakefield* v. *Schlaier's
Sons Iron Works*, 18 A D 2d 1121; *Matter of Ehrhardt* v. *Eloge
Co.*, 247 App. Div. 919, mot. for lv. to app. den. 272 N. Y. 676.)
Respondents rely heavily on *Matter of Pallas* v. *Misericordia
Hosp.* (264 App. Div. 1, affd. 291 N. Y. 692, *supra*), not merely

as negating any theory of vesting in this case but as largely decisive of the true determinative issues before us; but *Pallas* seems to us strong, if not, indeed, conclusive authority for the proposition that the civil death provision of section 511 of the Penal Law applies with full force to the Workmen's Compensation Law; as such was the basis for the holding that for purposes of the compensation act a claimant under life sentence is dead and thus barred from benefits, exactly as though he were physically dead. That his dependents should occupy a position no different from that of the dependents of any claimant actually deceased seems the inescapable conclusion.

The claim has continued to be prosecuted in claimant's name, without objection, but upon remittal a proper substitution should be effected. (See *Matter of Pallas* v. *Misericordia Hosp.*, 264 App. Div. 1, 3, affd. 291 N. Y. 692, *supra.*)

The decision should be reversed and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to such claimant as shall be substituted for the present appellant.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to such claimant as shall be substituted for the present appellant.