SIMS v R. D. BROOKS, INCORPORATED

1. Workmen's Compensation—Wage Earning Capacity—Loss of Wages.

Under the Workmen's Compensation Act it is loss of wage earning *capacity*—not actual loss of wages—which is compensable (MCLA 412.11).

2. Workmen's Compensation—Total Disability—Imprisonment.

Award of workmen's compensation, based on a finding of total disability, is not affected by the fact of plaintiff's later imprisonment.

3. Workmen's Compensation—Total Disability—Imprisonment—Favored Employment.

Award of workmen's compensation based on a finding of total disability where favored employment was never offered to plaintiff and he was later imprisoned is distinguishable from those situations where the employee was already engaged in favored employment when he was imprisoned even though some testimony indicated that plaintiff would have been able to perform some favored employment and that such employment would have been therapeutic.

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ., denying application for leave to appeal from an order of the Workmen's Compensation Appeal Board. Submitted January 3, 1973. (No. 3 January Term 1973, Docket No. 54,030.) Decided February 20, 1973.

Claim by Daniel R. Sims against R. D. Brooks, Incorporated, and Home Insurance Company for

References for Points in Headnotes
[1] 58 Am Jur, Workmen's Compensation § 284.
[2, 3] 58 Am Jur, Workmen's Compensation § 283.

workmen's compensation. Award granted. Court of Appeals denied defendants' application for leave to appeal. Defendants appeal. Decision of Workmen's Compensation Appeal Board affirmed.

*Harris, Stein & Hooberman* (by *Allan W. Ben),* for plaintiff.

*Smith, Haughey, Rice, Roegge & Gould* (by *Michael S. Barnes),* for defendants.

T. G. KAVANAGH, J. Plaintiff, Daniel R. Sims, was charged with the crime of rape in Chicago in July, 1966, and released on bond pending trial thereon in October, 1966. He was tried, convicted and sentenced to serve 10–12 years, sometime in 1967, but was again released on bond pending appeal.

He began work with the defendant R. D. Brooks, Inc. in Grand Rapids on or about the first of December, 1967, as a concrete helper doing heavy labor in the pouring and finishing of cement. On December 5, 1967 while pushing a wheelbarrow loaded with wet cement plaintiff suffered an injury to his lower back when he attempted to prevent the wheelbarrow from tipping over.

He was given medical care at defendants' expense and was voluntarily paid workmen's compensation benefits. After seeing a number of doctors in Grand Rapids who hospitalized him and prescribed conservative treatment, plaintiff was dissatisfied so he went to Detroit to a doctor of his own choice who performed a laminectomy on April 19, 1968.

Upon his release from the hospital, plaintiff returned to Grand Rapids but on August 25, 1968, he was again hospitalized at Grace Hospital in

Detroit. Dissatisfied with his progress and treatment, plaintiff checked himself out of the hospital on September 12, 1968 and returned home to Grand Rapids.

Plaintiff continued to treat with defendants' doctors, but he was arrested in October for jumping bond and consequently failed to keep an appointment with the doctors on November 1, 1968.

Sometime in October, 1968, after plaintiff was jailed, defendant stopped its voluntary compensation benefits effective September 25, 1968 and gave as its reason "employee voluntarily left hospital before treatment completed".

A hearing was had before a referee on October 28, 1970 by way of depositions, and the referee found that plaintiff had been and still was at that time totally disabled and awarded him compensation until further order of the Bureau.

Defendant appealed and the appeal board affirmed the award in a four to three decision. The Court of Appeals denied leave but we granted defendants' application to consider their assertion (which the dissenting members of the appeal board accepted) that an award under the circumstances of this case subverts the workmen's compensation law.

Defendants initially argue that plaintiff's incarceration subsequent to his injury terminates the obligation to pay compensation. This is not correct for plaintiff was found to be totally disabled. Under the Workmen's Compensation Act it is loss of wage earning *capacity*—not actual loss of wages— which is compensable.[1] The award of compensation, based as it was on a finding of total disability, is not affected by plaintiff's later imprisonment. As

[1] See cases cited 24 Michigan Law & Practice, Workmen's Compensation, § 82, *et seq.;* MCLA 412.11; MSA 17.161.

was stated in *Neal v Stuart Foundry Co,* 250 Mich 46, 50 (1930):

"The defendants urge that the weekly award for that period should be suspended because the award is in lieu of earnings, and while the injured employee is in jail he has no earning capacity and hence he should receive nothing through the award. We think the administration of the workmen's compensation law [citation omitted] should not be thus complicated or its effectiveness thus impaired. Such a theory could hardly be logically applied in cases of total disability. There the award is based on the theory of complete inability of the employee to continue his usual vocation; but being in jail could hardly increase his already total inability."

Defendants contend however, that plaintiff's imprisonment prevents his employment in some favored capacity. It is argued that this thwarts the rehabilitative and mitigatory aspects of workmen's compensation. In this case even though some testimony indicated that plaintiff would have been able to perform some favored employment, and that such employment would have been therapeutic, favored employment was never offered to plaintiff. We therefore need not reach the question whether there was an amount which plaintiff was "able to earn" within the meaning of the statute. MCLA 412.10; MSA 17.160.

Defendants' final arguments, including the difficulty of medical supervision while plaintiff is incarcerated, are not germane to this case. If adequate arrangements cannot be made to examine plaintiff while he is in prison, that matter should be submitted to the Workmen's Compensation Bureau for consideration.

The decision of the Workmen's Compensation Appeal Board is affirmed.

No costs. A public question.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, J.