## A89A2100. MIZE v. CLEVELAND EXPRESS et al.
(392 SE2d 275)

Cooper, Judge.

Appellant, who was receiving workers' compensation benefits for a temporary total disability, was adjudicated guilty of a felony and received a twenty-three year prison sentence. After appellant's incarceration, the appellee insurance company's request to suspend payment of benefits was denied by the administrative law judge on the basis that no offer of suitable employment was made by the employer to the employee. The denial was affirmed by the Workers' Compensation Board and then reversed by the superior court.

We agree with the superior court that the case of *Scott Housing Systems v. Howard*, 256 Ga. 675 (353 SE2d 2) (1987), is controlling. The Supreme Court therein espoused the general principle that "[i]n workers' compensation cases where the employee is charged with a crime while receiving benefits, . . . the proper time for termination of benefits is the date of adjudication of guilt." Id. That decision was not limited, as argued by appellant, to the narrower issue in *Howard v. Scott Housing Systems*, 180 Ga. App. 690 (350 SE2d 27) (1986), and has since been more broadly applied. See *Sargent v. Brown*, 186 Ga. App. 890 (368 SE2d 826) (1988). Since the appellant in the instant case was receiving his benefits at the time he was charged with a crime, his benefits should terminate upon the date that guilt was positively adjudicated. Any offer of employment that may have been tendered to appellant would have been ineffectual since appellant could not meaningfully accept.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 5, 1990 —
REHEARING DENIED MARCH 22, 1990 — 

*Robert P. Wilson*, for appellant.
*John P. Hines, Michael D. Usry*, for appellees.