JOHNNY PARKER, EMPLOYEE, RESPONDENT-PLAINTIFF v. UNION CAMP CORPORATION, EMPLOYER, SELF-INSURED, APPELLANT-DEFENDANT

No. 9110IC810

(Filed 17 November 1992)

**Master and Servant § 79 (NCI3d)— workers' compensation— recipient subsequently incarcerated—disability payments suspended**

Plaintiff was not entitled to receive workers' compensation disability payments for the period of his incarceration. Prior to his imprisonment, plaintiff's incapacity to earn wages was a result of his injury; however, while he was in prison he did not have the right to earn wages and that incapacity to earn was caused by his imprisonment, not by his injury.

**Am Jur 2d, Workers' Compensation § 377.**

**Workers' compensation: incarceration as terminating benefits. 54 ALR4th 241.**

PARKER v. UNION CAMP CORP.

[108 N.C. App. 85 (1992)]

Judge WYNN dissenting.

APPEAL by defendant from order entered 26 April 1991 by Commissioner J. Harold Davis of the North Carolina Industrial Commission. Heard in the Court of Appeals 14 September 1992.

*Brent Adams & Associates, by Brenton D. Adams, for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Steven M. Rudisill and Harry Brody, for defendant-appellant.*

LEWIS, Judge.

Plaintiff-appellee suffered work-related injuries on 21 May 1981 and again on 6 April 1982. Defendant-appellant, Union Camp, paid disability benefits to plaintiff until 1986, when he was convicted of a crime and sentenced to seven years in prison. Plaintiff actually served one year and eight months, from 22 April 1986 to 3 December 1987. Union Camp suspended the disability payments for the period of incarceration upon the Industrial Commission's approving its request to stop payment. Deputy Commissioner Rush ordered Union Camp to resume payments after plaintiff's release.

Deputy Commissioner Ford presided over an April 1988 hearing on the propriety of the Stop Payment Order for the period of incarceration. He found in plaintiff's favor, but due to a lost transcript the hearing was held again. At the second hearing, in February 1990, Deputy Commissioner Willis decided that plaintiff was not entitled to the disability payments while in prison. Plaintiff appealed to the Full Commission. In April 1991 the Full Commission determined that the payments should have continued throughout the period of incarceration. The Commission stated that Mr. Parker remained permanently and totally disabled throughout his incarceration, and that his inability to earn wages continued to be caused by his disability, not by his imprisonment. Union Camp appealed to this Court.

The only issue on appeal is whether imprisonment of a person already receiving worker's compensation disability payments cuts off the employer's duty to make payments during the period of confinement. This is an issue of first impression in North Carolina. Both parties have submitted very good briefs, especially noteworthy since they both stayed within eight pages. Although the North

**PARKER v. UNION CAMP CORP.**

[108 N.C. App. 85 (1992)]

Carolina legislature has not dealt directly with this issue, existing statutes reveal the legislative intent to deny prisoners worker's compensation benefits for the period of their imprisonment. Thus, this Court holds that Mr. Parker is not entitled to his disability payments for the period of his incarceration.

N.C.G.S. § 97-13(c) states that the Worker's Compensation Act "shall not apply to prisoners being worked by the State . . .," except to the extent specified in this subsection. N.C.G.S. § 97-13(c) (1991). The statute provides for payment of limited benefits to prisoners, stipulating that such payment is not to begin until the prisoner's discharge. Furthermore, "[i]f any person who has been awarded compensation under the provisions of this subsection shall be recommitted to prison upon conviction of an offense committed subsequent to the award, such compensation shall immediately cease." *Id.* A recent bill ratified by the General Assembly of North Carolina, effective on 6 July 1992, supplies further evidence of the legislative intent towards prisoners. The bill, which governs employment of prisoners by counties, specifically states that "Chapters 96 and 97 [the Worker's Compensation Act] of the General Statutes shall have no application to prisoners working pursuant to G.S. 162-58." Act of July 6, 1992, ch. 841, Sen. Bill 1073 (to be codified at N.C.G.S. §§ 162-58 to 162-61, and 14-255).

Even though Mr. Parker was injured years before his incarceration began, and therefore was not injured while "being worked by the State" as section 97-13 specifies, he should not have received benefits while in prison. A prisoner entitled to the limited benefits of section 97-13 does not receive any payments until after his or her release. If that person is later recommitted to prison, the benefits are terminated. Logically, then, a person receiving benefits at the time of imprisonment should not be entitled to continue receiving those benefits while incarcerated. As Commissioner Ward stated in his dissent to the Order of the Full Commission, by imprisoning a person the State purposefully deprives that person of the right to earn wages. I.C. No. 864059 (April 26, 1991) (Commissioner Ward, dissenting). It follows that one who does not have the right to work and earn wages should not have the right to receive payments made in lieu of wages. *See Mize v. Cleveland Express*, 195 Ga. App. 56, 392 S.E.2d 275 (1990) (cert. withdrawn) (an offer of employment would have been "ineffectual" since prisoner could not "meaningfully accept").

Furthermore, to be entitled to worker's compensation benefits in North Carolina, an employee must prove that he or she is incapable of earning the same wages in the same or any other employment after the injury, and that this incapacity to earn was caused by the injury. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). N.C.G.S. § 97-2(9) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury. . . ." N.C.G.S. § 97-2(9) (1991). Prior to his imprisonment, Mr. Parker's incapacity to earn wages was a result of his injury. However, while he was in prison Mr. Parker did not have the right to earn wages; his incapacity to earn was caused by his imprisonment, not by his injury. He therefore does not meet the requirements for entitlement to worker's compensation benefits during that period. *See State ex rel. Ashcraft v. Industrial Comm'n of Ohio*, 34 Ohio St. 3d 42, 44-45, 517 N.E.2d 533, 535 (1987) (once incarcerated, employee is no longer able to work, incurs no loss of earnings, and thus is not entitled to worker's compensation benefits). *But see Walker v. Tampa*, 520 So. 2d 66, 68 (Fla. Dist. Ct. App.), *cause dismissed*, 523 So. 2d 576 (Fla. 1988) (incarceration did not alter inability to work or right to receive compensation due to inability to work); *Sims v. R.D. Brooks, Inc.*, 389 Mich. 91, 93, 204 N.W.2d 139, 141 (1973) (compensation award not affected by later imprisonment).

The order of the Full Commission is reversed. Although this Court holds that Mr. Parker was not entitled to receive worker's compensation benefits while in prison, we note that the legislature may want to examine the possibility of continuing payment of benefits during a period of incarceration directly to a prisoner's dependents, who may have been relying on the disability payments as a major, or sole, source of income. *See Wood v. Beatrice Foods*, 813 P.2d 821 (Colo. Ct. App. 1991), *cert. denied*, (July 29, 1991) (court upheld statute suspending benefits to prisoners following conviction but allowing assignment of permanent disability payments to prisoner's spouse or minor children); *Garner v. Shulte*, 23 A.D.2d 127, 259 N.Y.S.2d 161 (1965). Because there are no dependents involved in this case, that issue is not before this Court.

Reversed.

Chief Judge HEDRICK concurs.

Judge WYNN dissents.

**PARKER v. UNION CAMP CORP.**

[108 N.C. App. 85 (1992)]

Judge WYNN dissenting.

I respectfully dissent from the majority opinion. The Worker's Compensation Act specifically defines "disability" as the "incapacity *because of injury* to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (1991) (emphasis added). Thus, in order for the Industrial Commission to find that an employee is disabled, the employee must show that, after his injury, he was incapable of earning the same wages he had earned before his injury in the same or different employment, and that this incapacity was caused by his physical injury. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). Thus, the basis of a Worker's Compensation award is not merely that the employee is unable to work, but rather that a work-related physical injury has caused the employee's incapacity to earn wages.

The majority asserts that when an employee enters prison the State deprives him of the right to earn wages, and it is that deprivation, not the physical injury, that causes his lack of earning capacity. However, after it has been determined that an employee is entitled to benefits because of a work-related injury, a change in physical condition is the only basis upon which the Industrial Commission can modify such benefits. *See* N.C. Gen. Stat. § 97-47 (1991) (a worker's compensation award can be modified only "on the grounds of a change of condition"); *McLean v. Roadway Express, Inc.*, 307 N.C. 99, 104, 296 S.E.2d 456, 459 (1982) ("change of condition" means "a substantial change, after a final award of compensation, of physical capacity to earn and, in some cases, earnings"). Mr. Parker in prison had the same physical incapacity to earn wages as he did out of prison and the fact of his incarceration should not deprive him and his dependents, if any, of the benefits to which he is legally entitled. If a different result is desired by the legislature, then it is up to that body of government, not this Court, to enact laws to that effect.

For the foregoing reasons I respectfully dissent.