The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the deletion of Award No. 5 from the Opinion and Award of Deputy Commissioner John A. Hedrick.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the second hearing in this matter, plaintiff had a tenth grade education. Prior to 13 February 1989, plaintiff's employment history consisted primarily of positions involving manual labor. At the time of his compensable injury, plaintiff was working for defendant-employer on work release from the North Carolina Department of Correction. Defendant-employer was a private entity, not an agency of the State or a subdivision thereof.
2. As a result of his compensable injury on 13 February 1989, plaintiff sustained a herniated disc at L4-L5. As a result of his injury, plaintiff experienced low back and right leg pain.
3. Although plaintiff did not provide defendant-employer with written notice of his accident until 26 May 1989, plaintiff reasonably believed that defendant-employer became aware of his accident on the day of its occurrence.
4. As a result of his compensable injury on 13 February 1989, plaintiff was rendered incapable of earning wages with defendant-employer, or in any other employment, from 12 April 1989 through 12 July 1989.
5. While on work release from the Department of Correction, plaintiff worked for Ward Lumber Company in Elizabethtown, North Carolina from 13 July 1989 through 10 October 1989. Plaintiff's position with this employer did not require heavy lifting, repetitive bending or stooping.
6. On 16 October 1989, plaintiff presented to Dr. Pritchard complaining of low back and right leg pain which had persisted since 13 February 1989. On 21 October 1989, Dr. Pritchard performed surgery to decompress the affected nerve root by removal of the herniated disc at L4-L5. Following his surgery, Dr. Pritchard restricted plaintiff to light duty through 28 February 1990.
7. On 28 February 1990, plaintiff reached maximum medical improvement and had a five percent permanent partial disability of the back. On 28 February 1990, Dr. Pritchard released plaintiff to return to work for Ward Lumber Company. The evidence of record is insufficient to prove by its greater weight that plaintiff returned to work for Ward Lumber Company.
8. Plaintiff was released from the Department of Correction on 3 September 1990.
9. Plaintiff was re-evaluated by Dr. Pritchard on 26 October 1990. At that time, plaintiff continued to experience leg pain, however, he did not have a recurrence of his L4-L5 ruptured disc and he did not have a ruptured disc at any other level.
10. On 15 February 1991, plaintiff presented to Dr. Pritchard stating that he had an employment prospect with a furniture manufacturer in a position that did not require heavy lifting. Plaintiff requested, and received, Dr. Pritchard's release to perform the duties of this position.
11. The evidence of record is insufficient to prove by its greater weight that plaintiff was offered a position with a furniture manufacturer which was within his physical restrictions.
12. As a result of his compensable injury, plaintiff was incapable of earning wages with defendant-employer, or in any other employment, from 12 April 1989 through 12 July 1989.
13. As a result of his compensable injury, plaintiff was incapable of earning wages with defendant-employer, or in any other employment, from 10 October 1989 through 16 September 1993.
14. Plaintiff was incarcerated from 7 June 1992 through 30 August 1992. The evidence of record is insufficient to prove by its greater weight that plaintiff was eligible for work release from the Department of Correction during this period of incarceration.
15. During his periods of incarceration, the Department of Correction provided plaintiff with examinations, evaluations and treatments which were reasonably necessary to effect a cure, give relief or to lessen plaintiff's period of disability.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 13 February 1989, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff had a reasonable excuse for failing to provide defendant-employer with written notice of his accident within thirty days of its occurrence. N.C. Gen. Stat. § 97-22; Jones v.Lowes Companies, 103 N.C. App. 73, 404 S.E.2d 165 (1991).
3. At the time of his compensable injury, plaintiff, who was incarcerated in the Department of Correction, was employed in the "free community" and was not an employee of the State prison system. N.C. Gen. Stat. § 148-33.1(g).
4. At the time of his compensable injury, plaintiff was not an employee of the State prison system, and was not "being worked by the State or any subdivision thereof." Therefore, N.C. Gen. Stat. § 97-13 and the decision in Parker v. Union Camp Corp.,108 N.C. App. 85, 422 S.E.2d 585 (1992) are inapplicable to plaintiff's claim for compensation. N.C. Gen. Stat. §148-33.1(g); N.C. Gen. Stat. § 97-13(c); Parker v. Union CampCorp., 108 N.C. App. 85, 422 S.E.2d 585 (1992).
5. As a prisoner in the Department of Correction participating in the work release program, plaintiff was required to give his work release earnings, less standard payroll deductions, to the Department of Correction. N.C. Gen. Stat. §148-33.1(f).
6. Plaintiff was not entitled to receive temporary total disability compensation during his incarceration from 7 June 1992 through 30 August 1992. N.C. Gen. Stat. § 97-13(c); Parker v.Union Camp Corp., 108 N.C. App. 85, 422 S.E.2d 585 (1992).
7. As a result of his compensable injury, plaintiff is entitled to payment of temporary total disability compensation at the rate of $146.66 per week from 12 April 1989 through 12 July 1989. N.C. Gen. Stat. § 97-29.
8. The North Carolina Department of Correction is entitled to receive all temporary total disability compensation due plaintiff from 12 April 1989 through 12 July 1989. N.C. Gen. Stat. § 148-33.1(f).
9. As a result of his compensable injury, plaintiff is entitled to payment of temporary total disability compensation at the rate of $146.66 per week from 10 October 1989 through 6 June 1992. N.C. Gen. Stat. § 97-29.
10. The North Carolina Department of Correction is entitled to receive all temporary total disability compensation due plaintiff from 10 October 1989 through 2 September 1990. N.C. Gen. Stat. § 143-33.1(f).
11. As a result of his compensable injury, plaintiff is entitled to payment of temporary total disability compensation at the rate of $146.66 per week from 31 August 1992 and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
12. As a result of his compensable injury, plaintiff is entitled to payment of permanent partial disability compensation at the rate of $146.66 per week for fifteen weeks. N.C. Gen. Stat. § 97-31(23).
13. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, as a result of his compensable injury on 13 February 1989, for so long as such examinations, evaluations and treatments shall tend to effect a cure, give relief or will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
14. The North Carolina Department of Correction is entitled to reimbursement of all medical expenses it incurred as the result of plaintiff's compensable injury.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to the North Carolina Department of Correction, for plaintiff's benefit, temporary total disability compensation at the rate of $146.66 per week from 12 April 1989 through 12 July 1989. These payments shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 8. Upon receipt, the Department of Correction shall administer these payments in accordance with N.C. Gen. Stat. § 148-33.1.
2. Defendants shall pay the North Carolina Department of Correction, for plaintiff's benefit, temporary total disability compensation at the rate of $146.66 per week from 10 October 1989 through 2 September 1990. These payments shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 8. Upon receipt, the Department of Correction shall administer these payments in accordance with N.C. Gen. Stat. § 148-33.1.
3. Defendants shall pay plaintiff temporary total disability compensation at the rate of $146.66 per week from 3 September 1990 through 6 June 1992. Said amount shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 8.
4. Defendants shall pay plaintiff temporary total disability compensation at the rate of $146.66 per week from 31 August 1992, and continuing until further order of the Industrial Commission. To the extent that these payments have accrued, they shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 8.
5. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's compensable injury on 13 February 1989, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen plaintiff's period of disability.
6. Defendants shall reimburse the North Carolina Department of Correction for all medical expenses it incurred as a result of plaintiff's compensable injury.
7. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1, 2, 3, 4 and 5 of this award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sums due plaintiff shall be deducted from said sums and paid directly to plaintiff's counsel. Plaintiff's counsel shall receive every fourth compensation payment made under the continuing portion of this award.
8. Defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 12/15/95