Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as a matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times herein.
3. Defendant-employer is self-insured with Riscorp of North Carolina as the servicing agent.
4. Plaintiff sustained a compensable injury by accident to his leg, hip and knee on March 30, 1994 while working at Taylor's Manufacturing Co.
5. Subsequent to his injury within the scope and course of his employment with the defendant-employer, plaintiff became incarcerated and as a result of his incarceration Special Deputy Commissioner W. Bain Jones, Jr. approved the Form 24 on March 13, 1994, and plaintiff's Workers' Compensation benefits were suspended.
6. A Form 21 Agreement was entered into by the parties on May 2, 1994.
7. Plaintiff received temporary total disability benefits from March 31, 1994 through February 2, 1995.
8. Five pages of medical records were admitted into evidence.
9. The issue for consideration is whether plaintiff is entitled to receive temporary total disability benefits during his period of incarceration in light of the fact that he has dependents allegedly relying on his income.
* * * * * * * * * * *
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FACT
1. Plaintiff is a forty-seven year old male who sustained a compensable injury by accident while employed by Taylor Manufacturing Company on March 30, 1994. He began working on March 16, 1994.
2. Plaintiff's average weekly wage was $166.00.
3. Plaintiff was hospitalized for an extended period and was in a life-threatening situation for some time. Plaintiff entered into a Form 21 Agreement with defendant-employer.
4. Prior to 1994, plaintiff was employed by CPL Brunswick Nuclear Plant from April, 1976 through November 8, 1992.
5. Plaintiff has been married to his current wife since March 19, 1973. Plaintiff has two children — a son and a daughter.
6. Plaintiff's wife works and along with the plaintiff has contributed to the support of the family.
7. Both parties entered into a Form 21 Agreement on May 2, 1994. Sometime after May 2, 1994, plaintiff was arrested, tried and received a ten year sentence after pleading guilty to involuntary manslaughter. He is incarcerated in McCain, North Carolina and has served twenty-three months.
8. One of plaintiff's children has graduated from college but is currently unemployed and living at home.
9. Plaintiff would not be able to earn wages to support his family during his period of incarceration even without his injury. Although plaintiff presented no evidence that he has already applied for a work-release program or received any earnings from such a program, he insisted that he was eligible to participate in a work-release program.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to receive Workers' Compensation disability payments during the period of his incarceration. Plaintiff's incapacity to earn wages was the result of his injury, and he received compensation prior to his imprisonment. However, while in prison plaintiff does not have the right to earn wages. Plaintiff's incapacity to earn has been caused by his imprisonment.
2. N.C. Gen. Stat. § 97-13(c) states that the Workers' Compensation Act "shall not apply to prisoners being worked by the State . . . except to the extent specified in the sub-section." (1991).
3. The Workers' Compensation Act is not applicable to prisoners working. N.C. Gen. Stat. § 162-58 to § 162-61 and N.C. Gen. Stat. § 14-255.
4. A prisoner entitled to benefits under N.C. Gen. Stat. § 97-13 does not receive any payments until released from prison.
5. Prior to his imprisonment, plaintiff's incapacity to earn wages was a result of his injury; however, while in prison, plaintiff does not have the right to earn wages. Thus, his incapacity to earn was caused by his imprisonment not by his injury. Parker v. Union Camp Corp., 108 N.C. App. 85 (1992).
6. There is no provision in the Workers' Compensation Act at the current time for dependents of prisoners who rely in whole or in part on Workers' Compensation benefits to continue to receive those benefits while the plaintiff-recipient is incarcerated. Id. at 90.
* * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff is not entitled to receive Workers' Compensation benefits while he is incarcerated. Thus, his claim must be and hereby is DENIED.
2. Defendants shall pay the costs.
 S/ __________________________ EDWARD GARNER, JR DEPUTY COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
EG:jth