Having reviewed the competent evidence of record and having the benefit of the positions of counsel, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer is a duly Self-Insured and Corporate Claims Management, Inc. is the servicing agent.
4. The parties have stipulated to an average weekly wage of $620.00 yielding a compensation rate of $413.35.
5. The Industrial Commission filings were stipulated into evidence as Stipulated Exhibit 1.
6. The issue before the Commission is whether plaintiff was entitled to disability compensation benefits for the period of May 8, 2000 through June 3, 2000 when he was incarcerated in the Forsyth County Jail through no fault of his own.
 ***********
Based upon all the competent evidence adduced at the hearing, the Full Commission makes the following additional
 FINDINGS OF FACT
1. At the time of the deputy commissioner's hearing, plaintiff was forty-one (41) years old and had a ninth grade education. Plaintiff is married and has four (4) children. Plaintiff is a trim carpenter with defendant-employer.
2. On February 4, 2000, plaintiff was moving a Pepsi vending machine out of a vending area. As plaintiff was replacing the vending machine back in the vending area, plaintiff felt a pain in his lower back and neck.
3. On October 23, 2000, plaintiff underwent fusion surgery.
4. On May 8, 2000, plaintiff was wrongfully incarcerated in the Forsyth County Jail. Plaintiff was apprehended on a failure to appear and theft charges from Arizona. This failure to appear charge arose from an alleged charge occurring on November 3, 1998.
5. On November 3, 1998, plaintiff was working for defendant-employer.
6. The charges against plaintiff were subsequently dismissed in North Carolina and in Arizona.
7. Plaintiff was not convicted of a crime and was not sentenced to an active prison term.
8. Plaintiff was detained from May 8, 2000 to June 2, 2000.
9. Plaintiff was entitled to receive compensation prior to the time of incarceration and would have continued to receive said compensation during the period that he was detained but for his arrest and wrongful detention.
10. Plaintiff's compensation was suspended in an Administrative Order filed on September 21, 2000. In that Order, the Special Deputy Commissioner cited Parker v. Union Camp, 108 N.C. App. 85, 422 S.E.2d 585
(1992), as the basis for suspension of compensation benefits.
11. This case is distinguishable from Parker v. Union Camp in that plaintiff herein was not convicted of a crime and was wrongfully incarcerated. But for this wrongful incarceration, plaintiff would have received compensation.
12. Based on the evidence before the Full Commission, plaintiff should receive compensation for period May 8, 2000 through June 2, 2000.
 ***********
The foregoing findings of fact and conclusions of law engender the following
 CONCLUSIONS OF LAW
1. On February 4, 2000, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
2. As result of his compensable injuries on February 4, 2000, plaintiff received disability compensation from February 5, 2000 through May 7, 2000. N.C.G.S. § 97-29.
3. Plaintiff's compensation was improperly suspended as result of plaintiff's improper detention. N.C.G.S. § 97-18.1.
4. Plaintiff's compensation should not have been suspended as result of his improper detention. Plaintiff was never convicted of a crime and was wrongfully imprisoned from May 8, 2000 through June 2, 2000. Parkerv. Union Camp, 108 N.C. App. 85, 422 S.E.2d 585 (1992), involved an employee who was incarcerated post conviction, whereas plaintiff herein was arrested and detained pre-conviction. Among the traditional distinctions between the constitutional rights of a citizen who is criminally accused, in contrast to those who are criminally convicted, the Full Commission notes that the criminally accused may be able to seek their freedom, and thereby be available for work, by posting a bond pending trial or other disposition of the charge. The criminally convicted normally do not have this privilege. Thus, the argument that the employee has taken himself out of the potential labor market with his arrest is not necessarily applicable to the criminally accused because those with sufficient funds to secure a bond, including funds received through the continuation of their workers' compensation benefits, can obtain their freedom and the ability to work pending the determination of their criminal complaint. Therefore, there is legitimate reason to distinguish the holding in Parker from the circumstances in this case.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. For his compensable injury by accident, plaintiff is entitled to receive compensation for the period of May 8, 2000 through June 2, 2000. Said amount shall be paid in a lump sum, subject to an attorney's fee approved in Paragraph 2.
2. A reasonable attorney's fee of twenty-five (25%) percent of compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five (25%) percent of lump sum due plaintiff under Paragraph 1 of this AWARD shall be deducted from that sum and paid directly to plaintiff's counsel.
3. Defendants shall pay the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN