***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly brought before the Industrial Commission, are subject to and bound by the provisions of the Workers' Compensation Act, that the Commission has jurisdiction over the parties and of the subject matter, and that the employer-employee relationship existed between plaintiff and defendant-employer.
2. All parties have been correctly designated, and that there are no questions of misjoinder or nonjoinder of the parties.
3. All carriers have been correctly designated, and that Ohio Casualty Insurance Company is properly on the risk, and there are no questions as to insurance coverage of the parties.
4. Plaintiff's compensation rate is $365.78 and defendants are paying plaintiff for total disability pursuant to a Full Commission decision filed October 13, 2000, that was affirmed by the Court of Appeals on February 5, 2002. It is stipulated that plaintiff has now been paid total disability since his date of injury of September 7, 1997 and that no physician has released him to return to work.
5. Plaintiff is married to Jacqueline Lassiter Easton and they have been married approximately nine years. It is stipulated that, during the period of plaintiff's incarceration, Jacqueline Lassiter Easton was undergoing treatment for breast cancer and for ovarian cancer and, as a consequence, was unable to work.
6. Jacqueline Lassiter Easton has custody of her two minor children from a previous marriage, who live with her and plaintiff in their home. These minor children are plaintiff's stepchildren.
7. Jacqueline Easton and her minor children are substantially dependent upon plaintiff's workers' compensation indemnity payments of $1,097.36 per month and his Social Security disability payments of $513.00 per month in order to survive financially. Social Security is currently reducing and/or offsetting plaintiff's receipt of social security disability payments due to plaintiff's receipt of workers' compensation benefits. It is anticipated that plaintiff's Social Security disability benefits would increase toward the maximum of approximately $803.00 per month if plaintiff's workers' compensation benefits were suspended or stopped.
8. Plaintiff was incarcerated at the Wake County jail on or about January 22, 2003 for probation violation. Plaintiff's counsel informed the defendants of the possible incarceration on April 4, 2003 and he confirmed the incarceration with defense counsel on June 3, 2003. Defendants filed their Form 24 on July 24, 2003. Plaintiff remained incarcerated until he was released on September 8, 2003. It is also stipulated that defendants paid plaintiff $10,973.40 during his period of incarceration. Defendants are seeking a credit of this amount. It is stipulated that, after approval of the Form 24 on August 28, 2003, defendants suspended payments of $991.26. Plaintiff is seeking payment of this amount.
9. Defendants are not waiving any right to seek a credit for any other periods of incarceration between September 7, 1997 and January 22, 2003.
10. The above stipulations were submitted in lieu of having a hearing in this matter for lay testimony. There are no medical questions that require expert testimony.
11. Form 24 application, Form 24 response, Form 24 Order, Form 33, and Form 33R are made a part of the record.
12. This hearing is on plaintiff's appeal from the Form 24 approved in this matter on August 28, 2003. Therefore, the issues to be tried are as follows:
 a. Are defendants entitled to suspend payment of plaintiff's compensation as a result of his incarceration?
 b. Are defendants entitled to suspend payment of plaintiff's compensation to his dependants as a result of his incarceration?
 c. If defendants were entitled to suspend benefits during a period of incarceration, are they entitled to a credit pursuant to N.C. Gen. Stat. § 97-42 for amounts paid to plaintiff during his incarceration? If so, are they entitled to take an immediate credit by reducing his ongoing benefits? If so, by what reduction? If not, when are they entitled to take this credit.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was 45 years old at the time of the hearing before the deputy commissioner, who sustained a compensable injury by accident while employed by J.D. Denson Mowing Contractor on September 3, 1997. Plaintiff had worked on and off for J.D. Denson for approximately nine years.
2. Plaintiff's compensation rate was $365.78.
3. Plaintiff was hospitalized as a result of his accident and was awarded ongoing disability benefits by the Full Commission on October 13, 2000. Defendants requested an Independent Medical Examination in May 2002 with Dr. Scott Sanitate. Dr. Sanitate noted in his May, 9 2002 report that he "would have no reason to restrict Mr. Easton based on the described C7 spinous fracture and his physical exam today, although I feel he is disabled secondary to the effects of alcohol abuse and underlying depression at this time. I do not feel it would be safe for him to return to work secondary to above."
4. Plaintiff has been married to his current wife for approximately nine years and is the stepfather of her children from a previous marriage.
5. During the period of plaintiff's incarceration, his wife was unable to work due to health problems related to cancer.
6. Plaintiff was arrested and incarcerated at the Wake County jail on or about January 22, 2003 for probation violation. He remained imprisoned until he was released on September 8, 2003.
7. Plaintiff's wife and stepchildren rely on him for financial support and survival.
8. Plaintiff improperly received $10,973.40 in indemnity compensation during the period of his incarceration from January 22, 2003 to September 7, 2003.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is not entitled to receive Workers' Compensation disability payments during the period of his incarceration. Plaintiff's incapacity to earn wages was the result of his injury, and he received compensation prior to his imprisonment. However, while in prison plaintiff does not have the right to earn wages. Plaintiff's incapacity to earn has been caused by his imprisonment. Parker v. Union Camp Corp., 108 N.C. App. 85
(1992).
2. Prior to his imprisonment, plaintiff's incapacity to earn wages was a result of his injury; however, while in prison, plaintiff does not have the right to earn wages. Thus, his incapacity to earn was caused by his imprisonment not by his injury. Parker v. Union Camp Corp., 108 N.C. App. 85 (1992).
3. There is no provision in the Workers' Compensation Act at the current time for dependents of prisoners who rely in whole or in part on Workers' Compensation benefits to continue to receive those benefits while the plaintiff-recipient is incarcerated. Id.
at 90.
4. Defendants are entitled to an immediate credit for all payments of indemnity compensation during plaintiff's incarceration from January 22, 2003 to September 8, 2003. The credit is $10,973.40.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff is not entitled to receive Workers' Compensation benefits while he is incarcerated. Thus, defendant's motion must be ALLOWED.
2. Defendants are entitled to an immediate credit in the amount of $10,973.40. It is hereby ORDERED that defendants shall reduce the weekly benefits being paid to plaintiff and plaintiff's counsel by $100 per week until the full amount of the credit is exhausted.
3. Plaintiff shall pay the costs.
This the 20th day of August 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
DISSENTING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DCS/mlb