* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Travelers is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage is $316.80, yielding a compensation rate of $211.21.
5. It is stipulated that the plaintiff suffered compensable injuries to his neck and head on December 29, 2003, and was entitled to and received medical compensation. The plaintiff continues to be entitled to medical compensation for treatment necessary to effect a cure, give relief, or lessen the period of disability associated with his compensable work-related injury.
6. The sole issue for determination is whether the plaintiff is entitled to receive temporary total disability benefits during the period of time he was incarcerated, prior to any conviction, from June 3, 2004, to September 15, 2004.
 * * * * * * * * * * *
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. On April 19, 2004, the defendants accepted the compensability of the plaintiff's workers' compensation claim on a Form 60.
2. The plaintiff was arrested and detained in the Wake County jail on June 3, 2004, and was released on September 15, 2004.
3. On July 13, 2004, an administrative order was entered by the Executive Secretary's Office approving the defendants' Form 24 Application to suspend payment of compensation from June 4, 2004, until the plaintiff was no longer incarcerated.
4. On October 18, 2004, Deputy Commissioner Baddour ordered from the bench, with consent of the parties, that the plaintiff's benefits be reinstated beginning on October 27, 2004, giving the defendants a credit for June 3, 2004, through July 13, 2004, the period of time that the defendants paid temporary total disability benefits prior to approval of their Form 24 request.
5. When the plaintiff was arrested and jailed, his bail was set at $150,000.00 and was later reduced to $100,000.00. The plaintiff was unable to post either bail amount due to a lack of financial resources.
6. As part of a plea bargain arrangement, the plaintiff received a suspended jail sentence of 8 to 10 months, and a 105-day credit on that sentence for the time spent in confinement prior to the date of judgment. Unless plaintiff violates his probation and is consequently incarcerated, the 105-day credit has no practical effect.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In Parker v. Union Camp, 108 N.C. App. 85, 422 S.E.2d 585
(1992), the North Carolina Court of Appeals held that an employee was not entitled to receive workers' compensation disability payments during the period of his incarceration. Id. at 88, 587. As in the present case, the employee in Parker had been injured at work and was receiving disability benefits pursuant to N.C. Gen. Stat. § 97-29. The employee in Parker was incarcerated while receiving such benefits, and the employer petitioned to have the employee's benefits terminated while the employee was incarcerated. In holding that the termination of the employee's benefits was appropriate, the Court reviewed the N.C. General Statute's provisions regarding prisoners' rights to workers' compensation benefits. The Court determined that the legislature had not directly dealt with that specific issue, but that the Workers' Compensation Act did not intend to allow employees to receive workers' compensation benefits while incarcerated. Id. at 87, 586. Section 97-13(c) of the Act indicates that prisoners injured while working in prison were not entitled to payment of workers' compensation benefits while incarcerated. Id. Furthermore, the Court relied on the Act's provisions for an employee's entitlement to disability benefits. Specifically, the Court recognized that an employee must prove that he is incapable of earning wages because of his work-related injury to be entitled to disability benefits. Id. at 88, 586. The Court stated that "while [the employee] was in prison, [the employee's] incapacity to earn wages was caused by his imprisonment, not by his injury." Id. Because the employee's disability was not due to his work-related injury during the period in which he was incarcerated, the Court held that the employee was therefore not entitled to workers' compensation benefits. Id.
2. In the present case, the plaintiff's incapacity to earn wages while incarcerated was caused by his imprisonment, not by his injury. Thus, because the plaintiff's disability was not due to his work-related injury during the period in which he was incarcerated, the plaintiff is not entitled to workers' compensation benefits from June 3, 2004, through September 15, 2004, the period of the plaintiff's pre-conviction incarceration.Parker at 88, 586.
3. The plaintiff has asked the Commission to find, pursuant to the Fourteenth Amendment of the U.S. Constitution, that it is unconstitutional to terminate the benefits of an incarcerated claimant prior to conviction because such termination violates the equal protection doctrine. The Commission notes that there may exist a justiciable issue regarding the plaintiff's constitutional rights in this matter; however, the North Carolina Court of Appeals has consistently held that the Industrial Commission is an administrative agency of the State, and not a court of general jurisdiction. Carolinas Medical Center v.Employers And Carriers Listed In Exhibit A,
___ N.C. App. ___, 616 S.E.2d 588 (2005). It is a "well-settled rule that a statute's constitutionality shall be determined by the judiciary, not an administrative board." Id. The Court has specifically held that the "Industrial Commission ha[s] no authority to pass on the constitutionality" of the statutes that comprise the Workers' Compensation Act. Id. Thus, the Full Commission finds that it does not have the judicial authority to address the constitutional issues raised by the plaintiff in this matter.
4. The defendants are entitled to a credit for any disability benefits paid to the plaintiff from June 3, 2004, through September 15, 2004, the period of the plaintiff's pre-conviction incarceration, as these payments were not due and payable when made. N.C. Gen. Stat. § 97-42.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. The plaintiff's claim for temporary total disability compensation from June 3, 2004, through September 15, 2004, the period of the plaintiff's pre-conviction incarceration, must be under the law, and is hereby, DENIED.
2. The defendants shall be credited for any disability benefits paid to the plaintiff from June 3, 2004, through September 15, 2004, the period of the plaintiff's pre-conviction incarceration, as these payments were not due and payable when made.
3. Each side shall pay its own costs.
This 6th day of March 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER