LAWRENCE A. JOHNSON, EMPLOYEE, PLAINTIFF v. IBM, INCORPORATED; EMPLOYER AND LIBERTY MUTUAL INSURANCE CO., COMPENSATION CARRIER; DEFENDANTS

No. 8810IC627

(Filed 6 March 1990)

**Master and Servant § 69 (NCI3d) — payments under employer's medical disability plan — deduction from workers' compensation award proper**

The Industrial Commission did not err in deducting from plaintiff's workers' compensation award the payments he received under the employer's medical disability plan while his claim for further compensation was being processed, since the payments deducted were not due and payable under the Workers' Compensation Act when they were made. N.C.G.S. § 97-42.

**Am Jur 2d, Workmen's Compensation §§ 364, 365.**

APPEAL by plaintiff from opinion and award filed 25 January 1988 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 January 1989.

The facts pertinent to the appeal of this workers' compensation case follow: On 8 November 1982, with the approval of the North Carolina Industrial Commission, the parties agreed that because of an on-the-job injury during the preceding November plaintiff employee had a twenty-five percent permanent partial disability of the back for which compensation totaling $15,463.50 over the next 75 weeks was due under our Workers' Compensation Act. In May 1984, thirteen months after the last monthly payment under that agreement was made, plaintiff applied to the Commission for a review of the earlier award on the ground that his condition had substantially changed for the worse, his back had required

additional surgery, and he was then totally and permanently disabled. Though defendants conceded that plaintiff was totally disabled they opposed the application, contending that his condition had not substantially changed since the prior award and therefore no further compensation was due. During the long period while plaintiff's application was being processed he received various payments under the employer's medical disability plan, which provided for the disability of all IBM employees without regard to cause. Under the plan plaintiff received his full salary from 25 February 1983 until December 1984, 75% of his salary for the next eighteen months, and a lesser percentage thereafter. When the requested review was eventually concluded on 10 June 1987 Deputy Commissioner Allen determined in pertinent part that: (1) After the prior award establishing plaintiff's permanent disability as twenty-five percent of the back was entered his condition substantially changed, he became totally and permanently disabled on 25 February 1983, and was entitled to be compensated therefor in weekly payments from that date onward; (2) the employer was entitled to deduct from the award the payments made to plaintiff under its medical disability plan between 25 February 1983 and that date. Following an appeal by both parties to the Full Commission all the Deputy Commissioner's findings, conclusions and determinations were affirmed.

*Spears, Barnes, Baker, Hoof & Wainio, by Alexander H. Barnes, for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Paul L. Cranfill and Samuel H. Poole, Jr., for defendant appellees.*

PHILLIPS, Judge.

Plaintiff's appeal questions only the legality of deducting from his award the payments he received under the employer's medical disability plan while his claim for further compensation was being processed. The following portion of G.S. 97-42 is the Commission's only authority under the Workers' Compensation Act for making deductions from an employee's compensation award:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial

Commission be deducted from the amount to be paid as compensation.

This provision permits, but does not require, the Commission to deduct from a compensation award to an injured employee any payments made by the employer before the employee's right to compensation under the terms of the Workers' Compensation Act was established. *Moretz v. Richards & Associates, Inc.*, 316 N.C. 539, 342 S.E.2d 844 (1986). Thus, whether the payments deducted were due and payable under the Act when made determines the appeal; if they were "due and payable when made" they may not be deducted; if they were not then due and payable the Commission had authority in its discretion to deduct them, and no abuse is indicated or contended.

Plaintiff's argument, in substance, is that the payments involved were due and payable when made, and therefore not deductible under G.S. 97-42, because the agreement entered into on 8 November 1982 established that the employee's injury was compensable under the Workers' Compensation Act, and the payments followed that determination. The argument has no merit. That agreement, when approved by the Commission, was a binding award, *Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 181 S.E.2d 588 (1971); it established that the permanent consequences of plaintiff's injury was a twenty-five percent disability of the back and settled the claim for the amount stated in the absence of a substantial change of condition being found under the provisions of G.S. 97-47. *Pratt v. Central Upholstery Co., Inc.*, 252 N.C. 716, 115 S.E.2d 27 (1960). Thus, no further payment of any kind was due plaintiff under the Workers' Compensation Act until the Commission completed its review of plaintiff's situation and determined that his condition had substantially changed and he was totally disabled; the payments made by the employer's medical plan before then were not due and payable under the Workers' Compensation Act "when made" and the deduction was authorized by G.S. 97-42. Upon similar facts our Supreme Court reached the same conclusion in *Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987).

Affirmed.

Judges COZORT and GREENE concur.