GREGORY N. THOMAS, Employee, Plaintiff v. B.F. GOODRICH, Employer; SELF-INSURED (Gates McDonald, Servicing Agent), Defendant

No. COA00-656

(Filed 19 June 2001)

**1. Workers' Compensation— findings of fact—record on appeal—sufficiency of evidence**

The Court of Appeals is precluded from reviewing the Industrial Commission's findings of fact and the Commission's findings of fact are deemed to be supported by competent evidence in the record, because: (1) the record on appeal does not contain any evidence or a transcript of the proceedings relied upon by the deputy commissioner in making an opinion and award; and (2) the record on appeal does not contain any transcript of proceedings relied upon by the Industrial Commission in making its opinion and award even though the record does indicate the Commission received evidence during a hearing on the matter.

**2. Workers' Compensation— request for credit—lifetime permanent disability payments—deductions**

The Industrial Commission did not err by concluding that defendant employer could not receive credit under N.C.G.S. § 97-42 for its payments of permanent disability to plaintiff employee that were supposed to be made directly to plaintiff's attorney for attorney fees, because: (1) generally deductions to an employee's award under N.C.G.S. § 97-42 must be made by shortening the period that payments are due, and it is not possible to shorten the period of payments when an employee receives an award of permanent disability to be paid during his lifetime; and (2) although an award of a deduction in the amount of the employee's payment in order to compensate the employer would not violate N.C.G.S. § 97-42, the Commission made alternative findings of fact and conclusions of law to support its denial of defendant's motion for a deduction.

**3. Workers' Compensation— request for credit—lifetime permanent disability payments—failure to follow dictates of opinion and award**

The Industrial Commission did not abuse its discretion by denying defendant employer's request for a credit under N.C.G.S. § 97-42 based on the Commission's conclusion that defendant should bear the entire cost of its failure to follow the dictates of the opinion and award of 26 February 1990 requiring defendant to pay every fourth permanent disability payment directly to plaintiff's attorney for attorney fees instead of to plaintiff employee, because: (1) the parties do not dispute that defendant mailed every fourth payment directly to plaintiff rather than to plaintiff's counsel; (2) plaintiff did not have the mental ability to realize that his receipt of every fourth check was not in accordance with the provisions of the opinion and award; and (3) the Commission's findings of fact demonstrate the denial of a credit was based on a reasoned decision.

Appeal by defendant from opinion and award of the North Carolina Industrial Commission filed 19 January 2000. Heard in the Court of Appeals 15 May 2001.

*Wallace and Graham, P.A., by Barbara L. Curry, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice PLLC, by Clayton M. Custer and Christopher A. Kreiner, for defendant-appellant.*

GREENE, Judge.

B.F. Goodrich (Defendant) appeals an opinion and award of the Full Commission of the North Carolina Industrial Commission (the Commission) filed 19 January 2000.

The record shows that Gregory N. Thomas (Plaintiff) suffered a compensable injury on 3 June 1986 while employed by Defendant. In an opinion and award filed 26 February 1990, a deputy commissioner of the North Carolina Industrial Commission concluded Plaintiff was totally and permanently disabled as a result of his compensable injury. Pursuant to the 26 February 1990 opinion and award, Defendant was ordered to pay Plaintiff "compensation for total disability for the remainder of his life, return to work, or change of condition, whichever first occurs, at the rate of $197.34 per week begin-

ning from 3 June 1986." Additionally, the 26 February 1990 opinion and award contained the following provision:

> 3. A reasonable attorney['s] fee of twenty-five (25%) percent of the compensation due [P]laintiff is approved for [P]laintiff's counsel and shall be paid as follows: twenty-five (25%) of the lump sum due [P]laintiff shall be deducted from that sum and paid directly to [P]laintiff's counsel. Every fourth compensation check, thereafter, shall be deducted from the sum due [P]laintiff and paid directly to [P]laintiff's counsel.

Subsequent to entry of the 26 February 1990 opinion and award, Defendant began making weekly payments to Plaintiff in the amount of $197.34. Although the 26 February 1990 opinion and award ordered Defendant to send every fourth check to Plaintiff's counsel, Defendant forwarded every check, including every fourth check, directly to Plaintiff. Defendant continued to pay Plaintiff in this manner until January 1996, which resulted in Plaintiff receiving $15,195.18 in funds that Defendant should have forwarded to Plaintiff's counsel rather than to Plaintiff. On 8 January 1996, Defendant "changed servicing agents and the new servicing agent began sending every fourth compensation check directly to [P]laintiff's attorney."

On 4 October 1996, Plaintiff filed a motion with the Industrial Commission requesting that Defendant be compelled to pay to Plaintiff's counsel all attorney's fees due under the 26 February 1990 opinion and award that remained unpaid. In an order filed 27 November 1996, the executive secretary of the Commission ordered:

> that [D]efendant pay to [P]laintiff's counsel all attorney['s] fees due pursuant to the February 26, 1990 [o]pinion and [a]ward and subsequent Orders, which have not been paid within thirty (30) days of this Order. Plaintiff's counsel should have received every fourth check from the entry of the [o]pinion and [a]ward and continuing.

Defendant did not appeal the 27 November 1996 order. In compliance with the 27 November 1996 order, on 10 February 1997, Defendant forwarded to Plaintiff's counsel attorney's fees in the amount of $15,195.18. However, on 28 February 1997, Defendant sent a letter to the executive secretary of the Industrial Commission stating that Plaintiff, as a result of receiving funds that should have been forwarded by Defendant to Plaintiff's counsel, received "an overpayment of temporary . . . benefits." Also in the letter, Defendant inquired as to whether it was "allowed a credit for this money paid and how [it]

should go about taking this credit from [Plaintiff's] future payments." In a letter of response dated 7 May 1997, the executive secretary informed Defendant that she was "not inclined to award a credit for attorney['s] fees" and that, should Defendant wish to pursue this matter, it should file a Form 33 request for a hearing.

On 27 May 1998, Defendant filed a Form 33 request for a hearing on the issue of whether it was entitled to "a credit for all amounts paid to both . . . [P]laintiff and his attorney." On 19 January 2000, subsequent to a hearing on this issue during which the parties presented evidence, the Commission filed an opinion and award containing the following pertinent findings of fact:

5. Instead of sending every fourth compensation check directly to [P]laintiff's counsel for attorney's fees pursuant to the February 26, 1990 [o]pinion and [a]ward, [D]efendant sent each compensation check, including every fourth check, directly to [P]laintiff, who cashed them and spent the money. There was nothing on the checks to indicate to [P]laintiff that the money did not belong to him. Additionally, [P]laintiff is functionally illiterate and has reading and writing abilities at the third grade level and a Beta IQ of 72.

. . . .

12. The $15,195.18 paid by [D]efendant to [P]laintiff during the period 1990 through 1995 by sending checks for $197.34 every week instead of every three out of four weeks (with the fourth week's check to be sent directly to [P]laintiff's attorney) was not due and payable to [P]laintiff at the time it was paid.

13. The $15,195.18 [D]efendant paid [P]laintiff's attorney pursuant to [the executive secretary's] November 27, 1996 Order was due and payable at the time it was paid because [D]efendant had not made payment of every fourth check directly to [P]laintiff's counsel as required by the February 26, 1990 [opinion and award].

The Commission then made the following pertinent conclusions of law:[1]

---

1. Although the Commission classified paragraph numbers 3 and 4 as "CONCLU-SIONS OF LAW," these paragraphs contain findings of fact as well as conclusions of law. *See In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (conclusions of law are reached through the exercise of judgment or the application of legal principles and findings of fact are reached through logical reasoning based on the evidentiary facts).

2. Since this is a case of lifetime disability, it is impossible to "shorten the period during which compensation must be paid[.]"[] To the extent the . . . Commission grants a credit to [D]efendant, such credit would "reduc(e) the amount of the weekly payment" and thus be in violation of . . . N.C. Gen. Stat. § 97-42. . . .

3. It would not be fair to make [P]laintiff repay the $15,195.18 to [D]efendant. The only way the . . . Commission could accomplish this would be to permit . . . [D]efendant to reduce [P]laintiff's compensation, which is already below the poverty level[.] . . .

4. As between [D]efendant and [P]laintiff, [D]efendant should bear the responsibility for its failure to pay every fourth check to [P]laintiff's attorney as directed in the [o]pinion and [a]ward of February 26, 1990. Plaintiff did not have the mental ability to realize that his receipt of every fourth check was not in accordance with the provisions of the [o]pinion and [a]ward of February 26, 1990.

Based on its findings of fact and conclusions of law, the Commission ordered the following:

Defendant is not entitled to a credit pursuant to N.C. Gen. Stat. § 97-42 against future compensation payments to [P]laintiff. Alternatively, the . . . Commission in its discretion determines that, as between [P]laintiff and [D]efendant based on the facts of this matter, [D]efendant should bear the entire cost of its failure to follow the dictates of the [o]pinion and [a]ward of February 26, 1990, and no credit is awarded.

The issues are whether: (I) Defendant preserved for appellate review the issue of whether the Commission's findings of fact are supported by competent evidence in the record; (II) an employer can receive a credit pursuant to N.C. Gen. Stat. § 97-42 when the employee has received an award of permanent disability; and (III) the Commission abused its discretion by denying Defendant's request for a credit pursuant to N.C. Gen. Stat. § 97-42.

I

[1] Defendant argues several of the Commission's findings of fact are not supported by competent evidence in the record.

Appellate review of the Commission's findings of fact is limited to whether the findings of fact are supported by competent evidence. *Hemric v. Manufacturing Co.*, 54 N.C. App. 314, 316, 283 S.E.2d 436, 437-38 (1981), *disc. review denied*, 304 N.C. 726, 288 S.E.2d 806 (1982). When a party challenges the Commission's findings of fact based on insufficiency of the evidence, the record on appeal must contain all evidence necessary for review of the findings, including all relevant transcripts of proceedings. N.C.R. App. P. 9(a)(1)(e). When such relevant evidence is not made part of the record on appeal, this Court is precluded from reviewing the Commission's findings of fact; therefore, the findings of fact are "deemed to be supported by competent evidence." *See Britt v. Britt*, 49 N.C. App. 463, 469, 271 S.E.2d 921, 926 (1980); *In re Estate of Barrow*, 122 N.C. App. 717, 722, 471 S.E.2d 669, 672 (1996).

In this case, the record on appeal does not contain any evidence or a transcript of the proceedings relied upon by the deputy commissioner of the Industrial Commission in making its 26 February 1990 opinion and award. Additionally, the record on appeal does not contain any transcript of proceedings relied upon by the Commission in making its 19 January 2000 opinion and award, though the record indicates the Commission received evidence during a hearing on this matter. This Court is therefore precluded from reviewing the Commission's findings of fact. Thus, the Commission's findings of fact are deemed to be supported by competent evidence. This assignment of error is, therefore, overruled.

II

[2] Defendant argues the Commission erred by concluding Defendant could not be awarded a credit because any credit would " 'reduc(e) the amount of weekly payment' and thus be in violation of . . . N.C. Gen. Stat. § 97-42." We agree.

N.C. Gen. Stat. § 97-42 provides in pertinent part:

Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation. *Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment.*

N.C.G.S. § 97-42 (1999) (emphasis added). Generally, deductions to an employee's award which are allowed by the Commission pursuant to section 97-42 must be made by shortening the period during which payments are due. *Id.* When, however, an employee receives an award of permanent disability to be paid during his lifetime, it is not possible to "shorten[] the period during which compensation must be paid." Thus, when a deduction is allowed in such a case, the Commission may order the employer to reduce the amount of the employee's payments in order to compensate the employer for the deduction. *See, e.g., Johnson v. IBM,* 97 N.C. App. 493, 494-95, 389 S.E.2d 121, 122 (affirming opinion and award of the Commission which allowed employer to deduct funds pursuant to section 97-42 from an employee's award of permanent disability), *disc. review denied,* 327 N.C. 429, 395 S.E.2d 679 (1990). To hold otherwise would preclude an employer from seeking a deduction under section 97-42 in any case involving an award of permanent disability. We, however, do not believe the Legislature intended such a result. *See Gray v. Carolina Freight Carriers,* 105 N.C. App. 480, 484, 414 S.E.2d 102, 104 (1992) (noting the policy of section 97-42 is "to encourage voluntary payments by the employer while the [employee's] claim is being litigated and he is receiving no wages").

In this case, the Commission erred by concluding an award of a deduction to Defendant would violate section 97-42 because it would " 'reduc(e) the amount of weekly payment' " made to Plaintiff pursuant to Plaintiff's award of permanent disability. Nevertheless, because the Commission made alternative findings of fact and conclusions of law to support its denial of Defendant's motion for a deduction, this error does not require reversal.

III

[3] Defendant argues the Commission erred by denying its request for a credit under N.C. Gen. Stat. § 97-42 based on its conclusion that "[D]efendant should bear the entire cost of its failure to follow the dictates of the [o]pinion and [a]ward of February 26, 1990." We disagree.

Payments are due and payable under section 97-42 when the employer has accepted the plaintiff's injury as compensable and initiated payment of benefits, "*so long as* the payments [do] not exceed the amount determined by statute or by the Commission to compensate [the] plaintiff for his injuries." *Moretz v. Richards & Associates,* 316 N.C. 539, 542, 342 S.E.2d 844, 846 (1986). If payments made by an

**THOMAS v. B.F. GOODRICH**

[144 N.C. App. 312 (2001)]

employer are due and payable, the employer may not be awarded a credit for the payments under section 97-42. *Id.* at 541, 342 S.E.2d at 846. When, however, an employer makes payments that are not due and payable, the Commission may in its discretion award the employer a credit for the payments pursuant to section 97-42. *Johnson*, 97 N.C. App. at 495, 389 S.E.2d at 122 (whether to allow employer a credit under section 97-42 is within the discretion of the Commission); *Moretz v. Richards & Associates*, 74 N.C. App. 72, 75, 327 N.C. 290, 293 (1985) ("The language of [section] 97-42 clearly indicates that a credit . . . is not *required* to be granted[;] [r]ather, the language places the decision of whether to grant a credit within the sound discretion of the . . . Commission."), *modified on other grounds and affirmed*, 316 N.C. 539, 342 S.E.2d 844 (1986). Thus, this Court's review of the Commission's decision to grant or deny a credit for payments made by an employer that were not due and payable "is strictly limited to a determination of whether the record affirmatively demonstrates a manifest abuse of discretion" by the Commission.[2] *Mortez*, 74 N.C. App. at 76, 327 S.E.2d at 293; *see State v. Burrus*, 344 N.C. 79, 90, 472 S.E.2d 867, 875 (1996) ("trial court may be reversed for an abuse of discretion only upon a showing that its ruling could not have been the result of a reasoned decision").

In this case, the parties do not dispute that Defendant mailed every fourth payment directly to Plaintiff rather than to Plaintiff's counsel. Additionally, the Commission found as fact that "[P]laintiff is functionally illiterate and has reading and writing abilities at the third

---

2. Defendant argues in its brief to this Court that pursuant to *Tucker v. Workable Company*, 129 N.C. App. 695, 501 S.E.2d 360 (1998), the standard of review of the Commission's decision to grant or deny a credit under section 97-42 is not "a wholly discretionary standard." We disagree. *Tucker* does not overrule well-established law that the Commission may, *in its discretion*, grant or deny a credit under section 97-42. *See Johnson*, 97 N.C. App. at 495, 389 S.E.2d at 122; *Moretz*, 74 N.C. App. at 75, 327 S.E.2d at 293. Rather, the teaching of *Tucker* is that the Commission abused its discretion when it disallowed a credit for the purpose of penalizing the employer for failing "to abide by the law and rules of the . . . Commission." *Tucker*, 129 N.C. App. at 703, 501 S.E.2d at 366.

We acknowledge the North Carolina Supreme Court held in *Foster v. Western-Electric Co.*, 320 N.C. 113, 117-18, 357 S.E.2d 670, 673 (1987), that an employer should be allowed a "credit for the amount paid [to an employee pursuant to a private disability plan] as against the amount which was subsequently determined to be due the employee under workers' compensation" when the amount paid under the private disability plan was not "due and payable." Thus, it is an abuse of discretion for the Commission to deny a credit under section 97-42 in such cases. Nevertheless, in the case *sub judice*, Defendant does not seek a credit for payments made to Plaintiff pursuant to a private benefits plan prior to Plaintiff's award of permanent disability; thus, the holding of *Foster* is not applicable to the facts of this case.

grade level and a Beta IQ of 72"; "[a]s between [D]efendant and [P]laintiff, [D]efendant should bear the responsibility for its failure to pay every fourth check to [P]laintiff's attorney as directed in the [o]pinion and [a]ward of February 26, 1990"; and "Plaintiff did not have the mental ability to realize that his receipt of every fourth check was not in accordance with the provisions of the [o]pinion and [a]ward of February 26, 1990." These findings of fact demonstrate the Commission's opinion and award denying Defendant's request for a credit was based on a reasoned decision; thus, the Commission did not abuse its discretion by denying Defendant's request for a credit. Accordingly, the Commission's 19 January 2000 opinion and award is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.