**EASTON v. J.D. DENSON MOWING**

[173 N.C. App. 439 (2005)]

Affirmed.

Judges McCULLOUGH and LEVINSON concur.

———————————————

FRANK EASTON, Employee Plaintiff v. J.D. DENSON MOWING, Employer, GREAT AMERICAN INSURANCE COMPANY, Carrier, Defendants

No. COA04-1548

(Filed 20 September 2005)

**1. Workers' Compensation— suspension of benefits—incarceration of plaintiff**

The Industrial Commission did not err in a workers' compensation case by authorizing defendant to suspend payment of plaintiff's workers' compensation disability payments as a result of plaintiff's incarceration, because: (1) the denial of benefits is reasonable where the state purposefully deprives that person of the right to earn wages caused by the imprisonment and not by the injury; (2) the issue presented in this case is identical to that presented in *Parker v. Union Camp Corp.*, 108 N.C. App. 85 (1992), and thus the Court of Appeals is bound by that decision; (3) contrary to plaintiff's assertion, *Parker* was not overruled by the case of *Harris v. Thompson Contractors, Inc.*, 148 N.C. App. 472 (2002), aff'd, 356 N.C. 664 (2003), but *Harris* merely distinguished *Parker* since plaintiff did not suffer a work-related injury while on work release; and (3) neither *Parker* nor *Harris* states that the outcome of the case would have been different had there been any dependents, and that decision is best left to the General Assembly.

**2. Workers' Compensation— incarceration of plaintiff—credit to employer for payments made during incarceration**

The Industrial Commission did not err in a workers' compensation case by permitting defendant to take an immediate credit for payments made during plaintiff's incarceration by reducing his ongoing payments by $100.00 per week allegedly in violation of N.C. Gen. Stat. § 97-42, because: (1) where an award of compensation is for an indefinite period of time, it is not possible to shorten the period during which compensation must be paid and therefore the Commission may order the employer to reduce the amount of the employee's payments in order to allow the

employer to recoup the amount of the credit; and (2) in the instant case the Commission awarded plaintiff temporary total disability which has no specific ending time, and there is nothing in the record to suggest that plaintiff will or will not ultimately receive a permanent partial disability award.

Appeal by plaintiff from opinion and award entered 30 August 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 August 2005.

*Scudder & Hedrick, by Samuel A. Scudder, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Bruce A. Hamilton and William A. Bulfer, for defendants-appellants.*

STEELMAN, Judge.

The facts of this matter are not in dispute. Plaintiff, Frank Easton, was injured after falling from a tractor while working for J.D. Denson Mowing Company. Pursuant to an opinion and award filed 16 October 2000, plaintiff was awarded temporary total disability benefits for the compensable work-related injury he sustained. This Court affirmed that award in an unpublished opinion, *Easton v. J.D. Denson Mowing Co.*, 148 N.C. App. 405, 560 S.E.2d 885 (2002) (unpublished). Plaintiff was awarded $365.78 per week in disability payments beginning on 3 September 1997, continuing until plaintiff was able to return to work or until otherwise ordered by the Industrial Commission. While receiving these disability payments, plaintiff was incarcerated for a probation violation from 22 January 2003 until 8 September 2003. Plaintiff's counsel informed defendants of plaintiff's possible incarceration on 4 April 2003, and confirmed the incarceration on 3 June 2003. On 24 July 2003, defendants filed a Form 24 seeking authorization to suspend defendant's disability payments until plaintiff's release from jail, which was granted on 28 August 2003. Plaintiff appealed and the Deputy Commissioner affirmed the suspension of benefits and allowed defendants a credit for the amounts previously paid while plaintiff was incarcerated. Plaintiff appealed to the Full Commission, which affirmed the Deputy Commissioner's ruling by an Opinion and Award entered 30 August 2004. Plaintiff appeals.

[1] In plaintiff's first argument, he contends the Industrial Commission erred in authorizing defendant to suspend payment of plaintiff's

workers' compensation disability payments as a result of his incarceration. We disagree.

This Court definitively addressed this issue in *Parker v. Union Camp Corp.*, 108 N.C. App. 85, 422 S.E.2d 585 (1992). In *Parker*, the plaintiff suffered a compensable work-related injury and was receiving workers' compensation benefits. *Id.* at 86, 422 S.E.2d at 585. While receiving benefits, the plaintiff was convicted and sentenced to prison. This Court held the plaintiff was not entitled to receive workers' compensation benefits while in prison. *Id.* at 88, 422 S.E.2d at 587. This Court reasoned that the denial of benefits is reasonable where the state "purposefully deprives that person of the right to earn wages." *Id.* at 87, 422 S.E.2d at 586. The rationale behind this decision was that "while he was in prison Mr. Parker did not have the right to earn wages; his incapacity to earn was caused by his imprisonment, not by his injury." *Id.* at 88, 422 S.E.2d at 586.

Plaintiff first asserts that *Parker* is based upon an erroneous interpretation of the law and asks this Court to overrule *Parker*. This we cannot and will not do. We are bound by opinions of prior panels of this Court deciding the same issue. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). The issue presented in this case is identical to that presented in *Parker*, thus we are bound by that decision.

Plaintiff next contends *Parker* has been overruled by the case of *Harris v. Thompson Contractors, Inc.*, 148 N.C. App. 472, 558 S.E.2d 894 (2002), *aff'd*, 356 N.C. 664, 576 S.E.2d 323 (2003). This is incorrect. In *Harris*, the plaintiff was serving a sentence in the Department of Corrections. After he was incarcerated, Harris was allowed to work for defendant-employer under a work release program pursuant to N.C. Gen. Stat. § 148-33.1. This Court held Harris was entitled to receive compensation, stating:

> *Parker* is distinguishable from the instant case. In *Parker*, the claimant was injured on the job before his incarceration and was already receiving benefits. *Parker* at 86, 422 S.E.2d at 585. Here, plaintiff was already incarcerated at the time of his injury and was involved in the work release program when his work related injury occurred.

*Id.* at 479, 558 S.E.2d at 899. Thus, *Harris* did not overrule *Parker*, nor could it. *Civil Penalty*, 324 N.C. at 379 S.E.2d at 37. Rather, *Harris* clearly distinguished *Parker*, and is not applicable to the

instant case since plaintiff did not suffer a work-related injury while on work release.

Plaintiff next asserts that the combination of *dicta* in *Parker* and the decision in *Harris* mandates that we reverse the Industrial Commission in this matter.

In *Parker*, the majority noted that its ruling may work a hardship to a plaintiff's dependents by suspending compensation benefits during periods of incarceration and suggested that the General Assembly may wish to examine this issue. *Parker*, 108 N.C. App. 88, 422 S.E.2d at 587. Plaintiff asserts that this language, coupled with the holding in *Harris*—that plaintiff's compensation could be paid to the Department of Corrections for disbursement in accordance with the work release program, requires reversal because of the adverse impact upon plaintiff's dependents in this case. The language in *Parker* discussing a plaintiff's dependents was *dicta*, not necessary to the resolution of the case. *See State v. Jackson*, 353 N.C. 495, 500, 546 S.E.2d 570, 573 (2001) (noting statements made in an opinion which are not determinative of the issue before the reviewing court are *dicta* and not binding). This Court did not state that the outcome of the case would have been different had there been any dependents. Rather, the opinion suggested that the General Assembly may want to consider changing the law to prevent dependents from being harmed by a plaintiff's incarceration. The legislature has not amended the relevant statutes since this Court rendered its decision in *Parker*.

Finally, there is no indication in *Harris* that dependents were in any way implicated. The award entered by the Industrial Commission, and affirmed by this Court, simply directed that the compensation be paid to the Department of Corrections for disposition in accordance with the work release program. *Harris*, 148 N.C. App. at 479, 558 S.E.2d at 899. Each of plaintiff's arguments, along with any other assertions made under this argument, are without merit.

[2] In plaintiff's second argument, he contends that if defendant was entitled to suspend his workers' compensation benefits while he was incarcerated, the Industrial Commission erred in permitting defendant to take an immediate credit for payments made during plaintiff's incarceration by reducing his ongoing payments by $100.00 per week, in violation of N.C. Gen. Stat. § 97-42. We disagree.

It is within the Commission's discretion to award an employer who makes payments that are not due and payable a credit for those payments pursuant to N.C. Gen. Stat. § 97-42. *Thomas v. B.F.*

*Goodrich,* 144 N.C. App. 312, 319, 550 S.E.2d 193, 197, *disc. review denied,* 354 N.C. 228, 555 S.E.2d 276 (2001). We note that plaintiff does not contest the Commission's authority to award a credit, but rather contests the manner in which the Commission assessed the credit.

When the Commission grants a credit to an employer for payments made under N.C. Gen. Stat. § 97-42, it must be made by shortening the period during which payments are due. *Id.* at 318, 550 S.E.2d at 197. In *dicta,* however, this Court stated that "[w]hen . . . an employee receives an award of permanent disability to be paid during his lifetime, it is not possible to 'shorten[] the period during which compensation must be paid.' " *Id.* Thus, in order to give an employer a credit, this Court reasoned that the Commission could order the employer to reduce the amount of the employee's weekly payments in order to recoup the amount of the credit. *Id.* This Court reasoned that to hold otherwise would contravene the legislature's intent of encouraging employer's to make voluntary payments while the employee's claim was being litigated. *Id.*

We find the reasoning in *Thomas* to be persuasive. The fact the plaintiff was permanently disabled was not key to this Court's reasoning in *Thomas.* Rather, the fundamental principle enunciated was that where an award of compensation is for an indefinite period of time, it is not possible to shorten the period during which compensation must be paid; therefore, the Commission may order the employer to reduce the amount of the employee's payments in order to allow the employer to recoup the amount of the credit. *Id.* This is such a case. Here, the Commission awarded plaintiff total temporary disability, which has no specific ending time. In fact, plaintiff has already received total temporary disability for eight years, with little likelihood of plaintiff ever returning to work. If plaintiff never returns to work, his benefits will end at his death, and there will be no opportunity to shorten the period of disability. If plaintiff returns to work, his entitlement to any temporary partial disability or permanent partial benefits will immediately terminate, and there will be no opportunity to shorten the period of disability. *See* N.C. Gen. Stat. § 97-30 to -31 (2004). Nor is there anything in the record to suggest that plaintiff will or will not ultimately receive a permanent partial disability award. We believe this result would contravene the intent of the legislature.

Accordingly, we conclude the Commission did not err in permitting defendant to take an immediate credit for payments made during

plaintiff's incarceration and permitting defendant to deduct $100.00 per week from its ongoing payments.

AFFIRMED.

Judges McGEE and JACKSON concur.