***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS *Page 2 
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The employer-employee relationship existed between plaintiff and defendant-employer at the time of plaintiff's injuries.
4. At the time of the injury, plaintiff's average weekly wage was $418.34, resulting in a compensation rate of $279.03.
5. Defendants accepted the claim by filing a Form 60.
6. The North Carolina Industrial Commission ordered defendants to pay Brenton D. Adams, plaintiff's attorney, every fourth check.
7. Defendants failed to pay every fourth check to the plaintiff's attorney from August 10, 2004 until August 28, 2007.
8. The following documents were submitted and received into evidence at the hearing before the Deputy Commissioner:
 (a) Industrial Commission forms
 (b) Defendants' answers to plaintiff's discovery
 (c) Plaintiff's answers to discovery
 (d) The payout history
 (e) Cancelled checks for the period August 2004 until August 2007
 (f) Plaintiff's motion for attorney's fees and a 10% penalty
 (g) Defendants' response to plaintiff's motion for attorney's fees and a 10% penalty
9. The issue before the Commission is whether defendants owe plaintiff's *Page 3 
counsel attorney's fees and penalty after mistakenly paying these amounts to plaintiff.
 ***********
Based on all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Former Deputy Commissioner W. Bain Jones, Jr., entered an Opinion and Award on October 22, 1999 in this case. The Opinion and Award ordered defendants to pay plaintiff temporary total disability compensation subject to a reasonable attorney's fee approved by the Deputy Commissioner. Deputy Commissioner Jones ordered defendants to pay plaintiff's counsel every fourth check of the compensation due plaintiff.
2. Pursuant to the Opinion and Award, defendants paid plaintiff's counsel every fourth compensation check from October 22, 1999, the date of the Opinion and Award, until August 10, 2004. During this time period, which lasted four years and ten months, plaintiff received compensation checks three times a month, as ordered in the Opinion and Award.
3. In August 2004 defendant-carrier experienced computer problems and some personnel changes that affected their accounting procedures. Instead of sending every fourth compensation check directly to plaintiff's counsel pursuant to the October 22, 1999 Opinion and Award, in August 2004, defendant-carrier sent each compensation check, including every fourth check, directly to plaintiff, who cashed them and spent the money from August 2004 until August 2007, a period of three years. After three years of receiving these additional checks, plaintiff informed her attorney, who in turn notified defendant-carrier of the mistake.
4. At no time from August 2004 until August 2007, a period of three years, did plaintiff notify plaintiff's counsel or defendants that she was receiving a check to which she was *Page 4 
not entitled. Plaintiff testified that she was unaware that she received an extra check each month and failed to realize that she was receiving four checks a month until some time in 2007. She stated that she was on potent pain medicine and it was hard for her to deal with figures. Her husband dealt with bank statements and financial matters. Through defendants' failure to comply with the Opinion and Award, plaintiff was arguably unjustly enriched by $10,882.17.
5. The evidence fails to show that plaintiff was illiterate or mentally disabled in any way at the time she mistakenly received the fourth compensation checks. Defendants had complied with the Opinion and Award and sent plaintiff three compensation checks per month for over four years. Therefore, plaintiff should have realized that she was not entitled to receive four compensation checks per month.
6. For this same period of three years, plaintiff's counsel, because of inadequate safeguards in his bookkeeping system, failed to realize that he was not receiving the monies he was entitled to pursuant to the Opinion and Award and failed to notify defendants.
7. Upon notification of the oversight, defendants corrected the error and redirected every fourth compensation check to plaintiff's counsel, beginning August 28, 2007. However, defendants have not paid plaintiff's counsel the $10,882.17 due and owing for attorney's fees.
8. Defendants failed to comply with the October 22, 1999 Opinion and Award. Therefore, as between plaintiff and defendants, defendants should bear the responsibility for their failure to pay every fourth check to plaintiff's attorney as directed in the October 22, 1999 Opinion and Award.
9. Under the October 22, 1999 Opinion and Award, plaintiff was entitled to receive the first three compensation checks every month. Thus, only the first three compensation checks were "due and payable" to plaintiff. As ordered in the October 22, 1999 Opinion and Award, *Page 5 
plaintiff's attorney and not plaintiff was entitled to receive every fourth compensation check. Thus, the fourth compensation check was not "due and payable" when made to plaintiff. Therefore, defendants are entitled to a credit for every fourth compensation check that was erroneously sent to plaintiff rather than to plaintiff's counsel.
10. Defendants did not bring or prosecute this action without reasonable grounds.
 ***********
Based upon the finding of facts and conclusion of law, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Defendants failed to pay every fourth compensation check to plaintiff's attorney as directed in the October 22, 1999 Opinion and Award. Therefore, plaintiff's attorney is entitled to payment by defendants in the total amount of $10,882.17, which is the amount of the attorney's fee due and owing pursuant to the October 22, 1999 Opinion and Award. See,Thomas v. B. F. Goodrich,144 N.C. App. 312, 550 S.E.2d 193 (2001). This amount is subject to a 10% late penalty pursuant to N.C. Gen. Stat. § 97-18(g).
2. When a defendant makes payments that are not due and payable, the Commission may in its discretion award defendant a credit for the payments made pursuant to N.C. Gen. Stat. § 97-42.Thomas v. B. F. Goodrich, supra. Payments are due and payable under N.C. Gen. Stat. § 97-42 when the employer accepted the injury as compensable and initiated payment of benefits, "so long as the payments do not exceed the amount determined by statute or by the Commission to compensate plaintiff for his injuries." Moretz v.Richards Associates,316 N.C. 539, 542, 342 S.E.2d 844, 846 (1986). In this case, the payments of every fourth compensation check to plaintiff were not due and payable because pursuant to the October 22, 1999 Opinion and Award, *Page 6 
plaintiff was entitled only to three compensation checks each month and not to payment of the fourth compensation check.Id.
3. Because every fourth compensation check was not due and payable when paid to plaintiff by defendants, defendants are entitled to a credit for the payment of the fourth compensation check paid to plaintiff over three years in the total amount of $10,882.17.
4. The Court of Appeals stated in Easton v. J.D. DensonMowing, 173 N.C. App. 439, 620 S.E2d 201 (2005), that "where an award of compensation is for an indefinite period of time, it is not possible to shorten the period during which compensation must be paid; therefore, the Commission may order the employer to reduce the amount of the employee's payments in order to allow the employer to recoup the amount of the credit."Id. at 443, 620 S.E.2d at 203. In the case before us, defendants are paying temporary total disability which has no specific ending time. Therefore, defendants are entitled to deduct $25.00 per week from their ongoing payment of compensation to plaintiff until they have recouped the amount of the credit.Id. Considering the amount of plaintiff's compensation rate, the Commission deems a deduction of $25.00 per check to be reasonable.
5. Defendants did not bring or prosecute this action without reasonable grounds and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 7 
1. Defendants shall pay plaintiff's attorney $10,882.17, which is the amount of the attorney's fee due and owing pursuant to the October 22, 1999 Opinion and Award. This amount is subject to a 10% late penalty pursuant to N.C. Gen. Stat. § 97-18(g). Defendants shall also continue to pay plaintiff's attorney every fourth compensation check from plaintiff's ongoing temporary total disability compensation.
2. Defendants shall deduct $25.00 per week from their ongoing payment of compensation to plaintiff until they have recouped the credit in the amount of $10,882.17.
3. Defendants shall pay the costs due the Commission.
This the 24th day of February, 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER