***********
The Full Commission has reviewed the prior Opinion and Award with reference to the errors assigned based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments of the parties. Defendants have not shown good grounds to reconsider the evidence, to receive further evidence or to rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS with some modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement, which was admitted into the record and marked as Stipulated Exhibit (1) as: *Page 2 
 STIPULATIONS
1. Plaintiff-employee is Dickie Lee Pulliam.
2. Defendant-employer is Elixir Industries.
3. The carrier on the risk was Zurich American Insurance Company.
4. At all relevant times, defendant-employer regularly employed three or more employees and was bound by the North Carolina Workers' Compensation Act. An employee-employer relationship existed between plaintiff-employee and defendant-employer on 18 January 2007.
5. Plaintiff's average weekly wage was $399.00, which yields a compensation rate of $266.00.
6. At the hearing, the parties submitted the following:
 a. A Packet of Industrial Commission Forms and Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2);
 b. A Payment History Sheet, which was admitted into the record and marked as Stipulated Exhibit (3);
 c. An Invoice for A Mediator's Fee, which was admitted into the record and marked as Stipulated Exhibit (4) and;
 d. An Industrial Commission Order of 18 November 2008, which was admitted into the record and marked as Stipulated Exhibit (5).
 *********** ISSUES
1. Whether, when he was incarcerated pending and during trial and not convicted, plaintiff's indemnity compensation should have been suspended. *Page 3 
2. What amount of credit defendants are entitled to for the overpayment of total disability compensation paid while plaintiff was incarcerated pending and during trial?
3. Whether defendants are entitled to a credit for the payment of plaintiff's one-half share of the mediator's fee incurred at the Mediated Settlement Conference on 6 July 2009.
 ***********
Based upon the foregoing Stipulations and the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On all relevant dates, the Industrial Commission had jurisdiction over this matter and the parties.
2. On 18 January 2007, plaintiff sustained an admittedly compensable injury by accident while driving a delivery truck for defendant-employer. Specifically, plaintiff slipped while moving a rack of doors, and injured his back.
3. Defendants accepted the compensability of plaintiff's injury through the filing of an Industrial Commission Form 60, dated 12 June 2007.
4. Following his injury, plaintiff continued to work for defendant-employer until 15 May 2007, when he went out of work due to his back condition. Thereafter, defendants commenced payments of ongoing total disability compensation at the rate of $72.54 per week. This rate differs from the compensation rate of $266.00 later stipulated to by the parties. The parties have reached an agreement as to the appropriate rate of compensation paid through the date of hearing. *Page 4 
5. Also following his injury, plaintiff initially received conservative treatment. On 19 October 2007, plaintiff was referred by Dr. Christopher Blackman to Dr. Mark Roy, a neurosurgeon.
6. Before plaintiff could be seen by Dr. Roy, he was arrested on 21 November 2007 and charged with the murder of his step-father. Plaintiff was denied bail and was incarcerated in Henry County, Virginia, pending and during trial.
7. On 18 January 2008, defendants filed an Industrial Commission Form 24 Application to Terminate or Suspend Payment of Compensation, requesting that they be allowed to stop payments effective 21 November 2007, the date plaintiff was arrested and incarcerated awaiting trial. By order of 5 March 2008, defendants' Form 24 Application was approved, allowing defendants to suspend compensation from 21 November 2007 until plaintiff was no longer incarcerated.
8. Following his arrest, plaintiff continued to receive payments of total disability compensation at the rate of $72.00 per week until defendants' Form 24 Application was approved on 5 March 2008. Plaintiff received $1,152.00 in temporary total disability compensation during the time he was incarcerated.
9. At the trial in August 2008, the evidence linking plaintiff to the murder was weak, including, among other things, the lack of a murder weapon, that entry to the step-father's house had been forced, when plaintiff had a key to the house, and the un-contradicted testimony of several alibi witnesses that plaintiff had been with them at the time of the murder, sixty to seventy (60-70) miles away from the scene of the crime. As an indication of the weakness of the State's evidence, the case was not submitted for a decision by a finder of fact, as the trial judge dismissed it on 21 August 2008. Upon the dismissal of the charges, plaintiff was freed and free *Page 5 
to leave effective 21 August 2008 and his compensation by the prior Order of the Industrial Commission should have been reinstated.
10. During his incarceration, plaintiff was unable to work, unable to look for employment, and he would have been unable to accept employment had it been offered. This inability to work or accept employment is the rationale behind this decision in Parker v. Union Camp,108 N.C. App. 85, 422 S.E.2d 585 (1992). Although plaintiff has a compelling story and is a sympathetic figure, his argument that the rationale behind the Parker decision centers on being convicted of a crime and not being incarcerated pending and during trial, is unpersuasive. Therefore, plaintiff was not entitled to be paid indemnity compensation while incarcerated pending and during trial.
11. When the defendants did not resume compensation after plaintiff was released after the dismissal, Executive Secretary Tracey H. Weaver entered an Order on 18 November 2008, ordering resumption of compensation on 25 November 2008. Compensation was resumed as of that date. Plaintiff's compensation rate was later modified via a mediated settlement agreement dated 27 January 2009 and he was paid a lump sum for the previous underpayments of total disability compensation. Defendants have not paid plaintiff the compensation due from 21 August 2008 through 25 November 2008.
12. On 17 December 2008, plaintiff was examined by Dr. Roy. After a new MRI was obtained, Dr. Roy performed a decompressive laminotomy and foraminotomy bilaterally at the L2-3, L3-4 and L4-5 levels of plaintiff's lumbar spine on 28 August 2009. At the time of hearing, plaintiff was recovering from that surgery.
13. According to the mediator's invoice that is part of the record, defendants paid $600.00 to the mediator for her services on 6 July 2009. *Page 6 
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 18 January 2007, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. North Carolina law provides that imprisonment of a person already receiving workers' compensation disability benefits cuts off the employer's duty to make payments during the period of confinement.Easton v. J.D. Denson Mowing,173 N.C. App 439, 620 S.E.2d 201 (2005). Parker v. Union Camp Corporation,108 N.C. App. 85, 422 S.E.2d 585 (1992). The rationale behind this decision is that while in prison, an injured employee does "not have the right to earn wages; his incapacity to earn is caused by his imprisonment, not by his injury." Parker,108 N.C. App. at 88, 422 S.E.2d at 586; Easton,173 N.C. App at 441, 620 S.E.2d at 202.
3. As a matter of law, plaintiff was not entitled to be paid indemnity compensation while incarcerated pending and during trial. N.C. Gen. Stat. § 97-29; Easton v. J.D. Denson Mowing,173 N.C. App 439, 620 S.E.2d 201 (2005). Parker v. Union CampCorporation, 108 N.C. App. 85, 422 S.E.2d 585 (1992).
4. "[A] person receiving benefits at the time of imprisonment should not be entitled to continue receiving those benefits while incarcerated" and a credit should be given to defendants who continue paying indemnity benefits to a plaintiff while incarcerated. Parker,108 N.C. App. at 87, 422 S.E.2d at 586; Easton,173 N.C. App. at 442-43, 620 S.E.2d at 203-204; N.C. Gen. Stat. § 97-42 (providing that "[p]ayments made by the employer to the injured *Page 7 
employee during the period of his disability . . . which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation."). Accordingly, plaintiff was not entitled to be paid total disability during the period of his incarceration and defendants are entitled to a credit for the amount paid during plaintiff's incarceration. N.C. Gen. Stat. § 97-42; Parker v. Union CampCorporation, 108 N.C. App. 85, 422 S.E.2d 585 (1992);Easton v. J.D. Denson Mowing,173 N.C. App 439, 620 S.E.2d 201 (2005).
5. Pursuant to Rule 7(c) of the Industrial Commission Rules forMediated Settlement and Neutral Evaluation Conferences the cost for mediation is borne equally between the parties. Accordingly, pursuant to Rule 7(c) defendants are entitled to reimbursement by plaintiff of his share of the mediation fee, an amount equal to $300.00.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for indemnity benefits during the time he was incarcerated is hereby DENIED.
2. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $266.00 per week from 21 August 2008 through 25 November 2008. Defendants are entitled to an immediate credit for overpayment of indemnity compensation from 21 November 2007 through 5 March 2008.
3. Pursuant to Rule 7(c), defendants are entitled to reimbursement from plaintiff of his share of the mediation fee, an amount equal to $300.00. *Page 8 
4. An attorney's fee of 25% of the compensation awarded plaintiff after defendants' credit shall be deducted by defendants and paid directly to plaintiff's counsel as his reasonable attorney's fee.
5. Defendants shall pay the costs.
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DIANNE S. SELLERS COMMISSIONER